IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

ZEFFIE SURGICK, ET. AL,          )
          PLAINTIFF(S)           )     DOCKET NO. 1:09-cv-3807-NLH-KMW
                                 )
               V.                )     CIVIL ACTION
                                 )
ACQUANETTA CIRELLA, ET. AL.      )     MOTION FOR ENTRY OF
[IN THE MATTER OF THE ESTATE     )     DEFAULT JUDGMENT
OF JAMES LESLIE SURGICK          )
(DECEASED)]                      )
          DEFENDANTS.            )

This matter having come before the Court on the plaintiff(s)
Zeffie Surgick and Cordelia Johnson's Motion for Entry of De-
fault Judgment, hereby moves this Court, pursuant to the pro-
visions of Rule 55(b)(2), Fed. Rules Civil Procedure, to enter
Judgment by default in favor of Zeffie Surgick and Cordelia
Johnson against Acquanetta Cirella and Rose Surgick, for the
reason that a proper and effective default has been entered
against Acquanetta Cirella and Rose Surgick on the plaintiff(s)
claims against A. Cirella and Rose Surgick set forth in the
plaintiff(s) amended complaint and accompanying memorandum's
of law and other papers on file with the Court.

On August 17, 2009, the plaintiffs filed an amended com-
plaint in which they requested the IRS's administrative file
pertaining to the estate of their deceased father's, James
Leslie Surgick's documents and tax records from several
defendants.  Cirella was personally served with the Summons
and Complaint at her home on September 21, 2009.  Rose Sur-
gick was also personally served at the same address on Sep-

tember 21, 2009.  Neither of the Defendants has filed an answer or other responsive pleading.

On February 2, 2010, the Plaintiff(s) applied for a default judgment against A. Cirella for failure to respond to the Complaint or other wise defend herself. On February 2, 2010, the Plaintiff(s) applied for a default judgment against Rose Surgick for the same reasons. The Plaintiffs now request the the Court to: (1) order K. Hovnanian Enterprises, Inc. to pay the plaintiffs immediately any and all monies, assets, due the estate and trust from all sources and to release all funds owed to the estate and trust that have been accruing  (2)  order A. Cirella and Rose Surgick to immediately release any and all funds owed to the plaintiffs and to return all properties owed to the plaintiffs along with any rents, etc.  (3)  order the Internal Revenue Service to permanently remove Acquanetta Cirella and Rose Surgick as administrators for the estate and trust of James Leslie Surgick and off of his State and tax account information  (4)  order the Internal Revenue Service to remove Acquanetta Cirella and Rose Surgick from having power of attorney over the plaintiffs, Zeffie Surgick and Cordelia Johnson, and any and all heirs to the estate (5)  order the Internal Revenue Service to put the names of Zeffie Surgick and Cordelia Johnson as the new administrators for the estate and trust of James Leslie Surgick (deceased).

2

(6)  order the Internal Revenue Service to give Zeffie Surgick and Cordelia Johnson power of attorney over their own affairs and for the benefit of any remaining heirs to the estate  (7) order the Internal Revenue Service to give the plaintiffs the administrative file and all the requested documents of James Leslie Surgick  (8) order A. Cirella and Rose Surgick to come before the Court and give a full and accurate account as soon as possible of all the assets and monies and property that have come into their possession (9)  order A. Cirella to give the plaintiffsthe administrative file and all the requested documents from the amended subpoena of the estate and trust of James Leslie Surgick  (10) order the defendants A. Cirella and Rose Surgick from departing the jurisdiction of this Court  (11) order any and all administrators executors, co-executors to account to the Court for all monies coming into the Surgick estate and to pay us accordingly The Court clerk entered the default against A. Cirella on January 11, 2010 and against Rose Surgick on January 11, 2010.

No "Opposition" was filed with the Court.

## II. FACTS

The plaintiffs are heirs-at-law pursuant to 26 U.S.C. § 6103 (e) and as such are entitled to the return information from the estate and trust of James Leslie Surgick.   Inspection or diclosure of returns and return information is permitted by certain persons who have a "material interest".

The defendants refuse to turn over the administrative file and tax returns and information to the plaintiffs.  A. Cirella and Rose Surgick have concealed facts and information and funds from the plaintiffs and have violated the trust and confidence reposed in them.  The defeandants refuse to settle and account for the estate properly that has been placed in their hands and must be removed.

Pursuant to Fed. R. Civ. P. 55(B)(2), a court may order default judgment following the entry of default by the court clerk.  See PepsiCo. Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002)(citation omitted)

The parties in default are not infants or incompetent persons.  The defendants are not in the military service.

The default was the result of the defendants culpable conduct.  The plaintiffs are asking the Court for injunctive relief that was prayed for in the demand for judgment.  Fed. R. Civ. P. 54(c).

Acquanetta Cirella is aware of the suit, but has not sought cousel to my knowledge and has not responded nor ackowledged her responsibility.  Rose Surgick has also not responded in the same manner.

Without the default judgment, the defendants fraudulent conduct would remain unchecked, and they would be free to pursue similar activities in the future, directly endangering the estate.  The plaintiffs would be without recourse to ensure the defendants compliance.

4

And any other relief the Court imposes.

Accordingly, the Plaintiff's Motion for Default Judgment should be granted.

Dated:   February 2, 2010

*Zeffie Surgick*

ZEFFIE SURGICK PRO SE