**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| ZEFFIE SURGICK and CORDELIA JOHNSON, | : | |
| | : | |
| | : | Civil Action No. |
| Plaintiffs, | : | 09-cv-3807 (NLH)(KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ACQUANETTA CIRELLA, ROSE SURGICK, K. HOVNANIAN ENTERPRISES, INC., C/O ACQUANETTA CIRELLA, and INTERNAL REVENUE SERVICE, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

<u>**APPEARANCES**</u>:

Zeffie Surgick
4333 North 27th Avenue, Apt. 102
Phoenix, AZ 85017
*Pro Se Plaintiff*

Cordelia Johnson
2413 South Cuthbert Drive
Lindenwold, NJ 08021
*Pro Se Plaintiff*

Acquanetta Cirella
341 North 16th Street
Allentown, PA 18102
*Pro Se Defendant*

Rose Surgick
341 North 16th Street
Allentown, PA 18102
*Pro Se Defendant*

Alan S. Naar, Esquire
Greenbaum, Rowe, Smith & Davis, LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988

*Attorney for Defendant K. Hovnanian Enterprises, Inc.*

Christopher David Belen, Esquire
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
*Attorney for Defendant Internal Revenue Service*

**HILLMAN, District Judge**

Plaintiffs, Zeffie Surgick and Cordelia Johnson, have brought a suit against defendants, Acquanetta Cirella, Rose Surgick, K. Hovnanian Enterprises, Inc. ("K. Hovnanian"), and the Internal Revenue Service ("IRS"), with regard to the estate of plaintiffs' father, James Leslie Surgick. By denying them access to tax records and other information relating to their father and his estate, plaintiffs allege that defendants have violated their First Amendment and statutory rights to freedom of information. Additionally, plaintiffs accuse Cirella and Rose Surgick, both of whom allegedly exercise power of attorney over the estate, of conspiring to deceive, defraud, and conceal the value of the estate and of refusing to cooperate with plaintiffs.

Presently before this Court are motions to dismiss submitted by the IRS, K. Hovnanian, and Cirella and Surgick, as well as plaintiffs' Motion for "Removal for Cause" and Motion for Default Judgment, both directed against Cirella and Surgick. For the following reasons, the IRS's Motion to Dismiss is granted, but plaintiffs will have leave to amend their complaint. Further, K.

Hovnanian's Motion to Dismiss is granted.  Conversely, the Court will deny Cirella and Surgick's Motion to Dismiss and plaintiffs' Motion for "Removal for Cause" and Motion for Default Judgment.

**I.   JURISDICTION**

Plaintiffs set forth claims derived from both federal and New Jersey law.  This Court has subject matter jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. § 1331.  Further, this Court may exercise supplemental jurisdiction over plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

**II.  BACKGROUND**

Plaintiffs, Zeffie Surgick and Cordelia Johnson, are two of James Leslie Surgick's children.  In May 1996, James Leslie Surgick died intestate, leaving behind his estate and his twelve children, including plaintiffs and defendants, Acquanetta Cirella and Rose Surgick.  According to plaintiffs' complaint, Cirella and Rose Surgick obtained power of attorney over their father's estate.  Upon assuming power of attorney, however, Cirella and Surgick refused to cooperate with plaintiffs.  Despite plaintiffs' requests, Cirella and Surgick have not provided them with certain information relating to the estate, such as an account of its assets.[1]

_____

[1] Based on plaintiffs' various submissions and a document filed by Cirella and Surgick, it appears that James Leslie Surgick's estate has spawned, or been involved in, significant

3

Plaintiffs turned to the IRS and requested documents and records relating to their father and his estate.  In search of information, they also reached out to K. Hovnanian, a corporation in which their father allegedly had some sort of ownership, control, or interest.  Neither the IRS nor K. Hovnanian provided plaintiffs with the information they sought.

On July 31, 2009, plaintiffs filed a complaint in this Court against Cirella, Surgick, and K. Hovnanian.[2]  Soon thereafter, the Court issued an Order to Show Cause, directing plaintiffs to properly plead the federal question that would serve as the basis for the Court's jurisdiction over the case.  On August 13, 2009, plaintiffs filed their amended complaint, adding the IRS as a defendant.  By denying them access to the tax records and other information relating to their father and his estate, plaintiffs claim that defendants violated their First Amendment rights to freedom of information and federal statutory law, specifically 26 U.S.C. § 6103(e)(3) and "IRS Code 1729" and the Privacy Act, 5

---

litigation throughout the years.  For example, plaintiffs represent that in the fall of 2007, they and other heirs filed a suit in the Superior Court of New Jersey, alleging fraud, presumably against Cirella and Surgick.  According to plaintiffs, defendants defaulted by not responding to the complaint. Consequently, the Superior Court found in favor of plaintiffs and the heirs, but could not locate, and thus award, the estate's assets.

[2] Through their submissions, plaintiffs seem to allege that Acquanetta Cirella, and possibly Rose Surgick, now has power of attorney or some other sort of control over K. Hovnanian.

U.S.C. § 552a.[3]  Plaintiffs also allege that Cirella and Rose Surgick conspired to deceive, defraud, and conceal the value of the estate and have refused to cooperate with plaintiffs.

On September 8, 2009, K. Hovnanian filed a Motion to Dismiss against plaintiffs' amended complaint.  About a month later, Cirella and Rose Surgick submitted a document, which the Court construes to be a motion to dismiss.  On October 19, 2009, the IRS also filed a Motion to Dismiss.  In turn, plaintiffs filed a Motion for "Removal for Cause" and a Motion for Default Judgment, both directed against Cirella and Surgick.  The Court now considers all of the aforementioned motions.

## III.  DISCUSSION

### A.    Standards of Review

In this case, defendants invoke Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.

---

[3] Based on plaintiffs' amended complaint and other submissions to the Court, it is not entirely clear whether plaintiffs intended to pursue their cause of action pursuant to the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or both.  Although plaintiffs specifically refer to the Privacy Act in their amended complaint, they mention FOIA in subsequent filings.

2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  First, under the Twombly/Iqbal standard, a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest'

6

the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  The defendant bears the burden of showing that no claim has been presented.[4]  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  "Plaintiff bears the burden of proving that the relevant jurisdictional requirements are met." Sindram v. Fox, 2009 U.S. Dist. LEXIS 16713, at *6 (E.D. Pa. Feb. 27, 2009) (citing Dev. Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995)).  When addressing a Rule 12(b)(1) motion, the court need not accept the plaintiff's allegations as true, and if a factual question pertaining to jurisdiction exists, the court may examine facts and evidence

_____

[4] In ruling on a Rule 12(b)(6) motion to dismiss, a court has "discretion to address evidence outside the complaint . . . ." CitiSteel USA, Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003) (citation and internal quotation marks omitted).  As such, "a court may examine the facts as alleged in the pleadings as well as matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case." Tilbury v. Aames Home Loan, 199 F. App'x 122, 125 (3d Cir. 2006) (citation and internal quotation marks omitted).  In addition, the court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." CitiSteel USA, 78 F. App'x at 835 (citation and internal quotation marks omitted).

outside of the pleadings to assure itself of its authority to hear the case.  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).

**B.    The IRS's Motion to Dismiss**

The IRS argues that 26 U.S.C. § 6103 does not confer subject matter jurisdiction upon a federal district court to review the IRS's decision whether to disclose tax information.  Rather, the IRS submits, a court may entertain a suit based on a response to a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Because plaintiffs did not file a FOIA request, however, the IRS contends that this case is not properly before the Court. Alternatively, even if the Court were to construe Zeffie Surgick's request for tax information a proper FOIA request, says the IRS, she still did not exhaust administrative remedies, and thus, the Court cannot exercise jurisdiction over this claim.[5]

_____

[5] The IRS also points out that the request for tax information was made by Zeffie Surgick and that Cornelia Johnson's name did not appear on the request.  For those reasons, the IRS contends that Johnson does not have standing at this time to pursue a FOIA action.  If this assertion were true, the Court would agree.  See McDonnell v. U.S., 4 F.3d 1227, 1236-37 (3d Cir. 1993) (holding that "a person whose name does not appear on a request for records has not made a request for documents within the meaning of the [FOIA]" and, thus, "may not sue in district court when the agency refuses to release requested documents because [s]he has not administratively asserted a right to receive them in the first place").  However, plaintiffs oppose this factual assertion and allege that Johnson did request information under her own name.  Either way, this contention is not dispositive to the Court's decision.

Moreover, the IRS contends that plaintiffs impermissibly served the United States Attorney's Office ("USAO") by personally

In response, plaintiffs emphasize that they have a significant interest in their deceased father's administrative file, tax returns and return information, and documents relating to his estate.  Plaintiffs reiterate their claim under Section 6103 of the Internal Revenue Code, insisting that, as heirs at law, they have a material interest in the information they seek. Plaintiffs submit that the IRS has impermissibly ignored and denied their requests for information, and did not inform plaintiffs of their right to appeal any adverse decisions or their obligation to exhaust administrative remedies.

Section 6103 of the Internal Revenue Code provides that, absent an exception, "[r]eturns and return information shall be confidential."  26 U.S.C. § 6103(a).  In support of their claim, plaintiffs point to 26 U.S.C. § 6103(e)(3), which states:

> Deceased individuals.  The return of a decedent shall, upon written request, be open to inspection by or disclosure to --
>
> (A) the administrator, executor, or trustee of his estate, and
>
> (B) any heir at law, next of kin, or beneficiary under the will, of such decedent, or a donee of property, but only if the

---

hand-delivering the summons and complaint, in contravention of Federal Rule of Civil Procedure 4(c)(2).  In response, plaintiffs submit that they served the USAO via certified mail, and not in person.  A "Certificate of Service," filed by plaintiffs on or around August 24, 2009, provides that plaintiffs served the relevant government entities by certified mail.  Therefore, without more, the Court will not dismiss plaintiffs' action for improper service of process.

Secretary finds that such heir at law, next of
kin, beneficiary, or donee has a material
interest which will be affected by information
contained therein.[6]

As highlighted by the IRS, in Maxwell v. O'Neill, 2002 U.S.
Dist. LEXIS 19033 (D.D.C. Sept. 12, 2002), the District Court for
the District of Columbia held that because Section 6103 "does not
supersede the FOIA," it "cannot provide an independent basis for
subject matter jurisdiction" and that the plaintiffs "must
therefore satisfy the requirements applicable under the FOIA for
invoking the jurisdiction of this court." Id. at *11.  In
reaching its decision, the D.C. Court looked to D.C. Circuit
precedent and other circuit courts that had held that Section
6103 "is not an independent means of obtaining return
information, but rather operates as part of the larger FOIA
framework." Id. at **10-11 (citing Church of Scientology v. IRS,
792 F.2d 146 (D.C. Cir. 1986); Linsteadt v. IRS, 729 F.2d 998,
999 (5th Cir. 1984); and Currie v. IRS, 704 F.2d 523 (11th Cir.
1983)).  The District of Columbia Circuit Court of Appeals
affirmed the D.C. Court's decision, further expounding that FOIA
procedures apply to Section 6103 requests.  See Maxwell v. Snow,
409 F.3d 354, 357-58 (D.C. Cir. 2005).

Agreeing with some of the same precedent relied upon by the

_____

[6] 26 U.S.C. § 6103(e)(1)(E) sets forth the same "material
interest" standard for "any heir at law, next of kin, or
beneficiary" seeking "the return of an estate."

10

D.C. Court in Maxwell, the Third Circuit Court of Appeals, in Grasso v. IRS, 785 F.2d 70 (3d Cir. 1986), held:  "We conclude, as did the Ninth, Fifth, and Eleventh Circuits, that section 6103 operates within the confines of the FOIA."  Id. at 74 (citing Linsteadt, 729 F.2d at 1001-03 and Currie, 704 F.2d at 526-28). The Third Circuit added, "section 6103 was not designed to displace FOIA, which itself contains an adequate exception from disclosure for materials protected under other federal statutes." Id. at 75.

In light of Grasso and the reasoning set forth in Maxwell, the Court agrees with the IRS that Section 6103 does not provide an independent, legally cognizable means to challenge the IRS's non-disclosure of tax information and that a person requesting such information and seeking enforcement must abide by the mechanisms prescribed by FOIA.  See Grasso, 785 F.2d at 75 (concluding that "section 6103 provides only a substantive standard, and thus can more reasonably be viewed as subsumed into exemption 3 of FOIA"); Berger v. IRS, 487 F. Supp. 2d 482, 494 (D.N.J. 2007) ("Section 6103 of the Internal Revenue Code, 26 U.S.C. § 6103, has long been held to be a qualifying statute under Exemption 3 [of FOIA]."), aff'd, 288 F. App'x 829 (2008), cert. denied, 129 S. Ct. 2789 (2009).

The IRS states that in this case plaintiffs, specifically Zeffie Surgick, did not comply with FOIA procedures and,

consequently, that the IRS did not construe Surgick's request for tax information as a FOIA request.[7]  Even if Surgick's request constituted a proper FOIA request, the IRS contends, she still did not exhaust her administrative remedies by appealing the IRS's decision and this Court must then dismiss plaintiffs' claim.  Again, the Court agrees.  Whether plaintiffs failed to comply with FOIA procedures in filing a request for records or failed to exhaust administrative remedies, plaintiffs cannot pursue their claim against the IRS until they have done both.[8]

_____

[7]Attached to the IRS's Motion to Dismiss is a letter, dated September 25, 2008, sent from the IRS to Zeffie Surgick in response to Surgick's request for records.  The letter explains that none of the records sought were found for the tax years 2005 to 2007 and that any records that may have existed for the tax years between and including 1993 and 1996 had been destroyed in accordance with IRS procedures.  Moreover, the letter indicates: "This information is being released in accordance with the provisions of Internal Revenue Code section 6103(e)."

[8] In a letter dated May 3, 2010, plaintiffs claim that they have recently filed a FOIA request with the IRS and that they subsequently appealed the FOIA decision.  Plaintiffs have furnished documents to demonstrate their attempts to pursue their requests, to comply with FOIA, and to exhaust their administrative remedies.
     Apart from the Court's ongoing analysis, it is worth noting that all of plaintiffs' actions relating to FOIA have occurred subsequent to the IRS's Motion to Dismiss and after both parties have briefed this issue.  Moreover, insufficiencies in plaintiffs' claims as pled cannot be cured by a brief or other documents submitted in opposition to defendants' motions.  Rather, the mechanism for curing pleading deficiencies, pursuant to Federal Rule of Civil Procedure 15(a), is to file an amended complaint or, if an amended complaint has already been filed, a formal motion for leave to amend.  See Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006) (upholding the district court's dismissal of plaintiffs' complaint because plaintiffs did not file a formal motion for leave to amend and

See McDonnell v. U.S., 4 F.3d 1227, 1240 (3d Cir. 1993) ("[T]he FOIA requires exhaustion of the administrative appeals process before an individual may seek relief in the district court." (citing Oglesby v. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990))).  In their amended complaint, plaintiffs neither explicitly set forth a cause of action under the FOIA nor did they allege exhaustion of administrative remedies.  For those reasons alone, plaintiffs' claim may be dismissed.[9]  See Sindram v. Fox, 2007 U.S. Dist. LEXIS 80545, at *9 (E.D. Pa. Oct. 30, 2007) (dismissing plaintiff's FOIA claim under Rule 12(b)(6), without prejudice, because "[p]laintiff has not alleged exhaustion of administrative remedies").

Therefore, plaintiffs' claim pursuant to Section 6103 is dismissed.  However, recognizing that plaintiffs are acting pro se and have since attempted to comply with FOIA, the Court

---

stating that if plaintiffs "had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance").

Therefore, the Court will grant the IRS's Motion to Dismiss, but, as explained below, will dismiss plaintiffs' claim without prejudice.  Plaintiffs may amend their complaint to set forth any cause of action they may have pursuant to FOIA and those facts that they have presented in other filings.

[9] When a plaintiff has failed to exhaust administrative remedies in pursuit of a FOIA request, "dismissal under Rule 12(b)(6), rather than under Rule 12(b)(1) is appropriate." Sindram v. Fox, 2007 U.S. Dist. LEXIS 80545, at *9 n.3 (E.D. Pa. Oct. 30, 2007); see McDonnell, 4 F.3d at 1240 n.9 ("A failure to exhaust administrative remedies does not per se deprive the court of subject matter jurisdiction").

dismisses plaintiffs' claim without prejudice.  Plaintiffs will have thirty (30) days from the date of this Opinion to amend and resubmit their complaint with regard to any claims they may have against the IRS under FOIA.[10]

### C.   K. Hovnanian's Motion to Dismiss

K. Hovnanian argues that plaintiffs have failed to state a claim against it upon which relief may be granted.  Plaintiffs' claims seeking tax records and other information, says K. Hovnanian, do not apply to K. Hovnanian, which is a private corporation and not a federal government agency with possession, control, or any authority over such records or information. Further, K. Hovnanian submits that plaintiffs' amended complaint is entirely devoid of any facts which may be reasonably construed to state a viable claim against it.[11]

---

[10] As stated earlier, it is unclear whether plaintiffs rely on FOIA or the Privacy Act as their cause of action against the IRS.  For the reasons stated above, and because of the ambiguity in their amended complaint, plaintiffs' claim against the IRS is dismissed without prejudice.  Plaintiffs may clarify the particular basis for their claim if and when they make amendments to their pleading consistent with this Opinion.

[11] K. Hovnanian also points out that in their amended complaint, plaintiffs name as a defendant "K. Hovnanian Enterprises, Inc., c/o Acquanetta Cirella."  K. Hovnanian explains that there is no such entity and that no connection exists between K. Hovnanian and Acquanetta Cirella.  Responding to this assertion in their Motion for "More Definite Statement," plaintiffs state:  "When the United States government (Internal Revenue Service) recognizes a person and/or entity as such, then we as plaintiffs have no other choice but to do the same."  Plaintiffs seem to refer to a letter from the IRS addressed to K. Hovnanian, in care of Cirella.  Whatever may be the import of

14

Plaintiffs respond that Cirella has power of attorney over K. Hovnanian and that she files tax returns on its behalf. Plaintiffs claim that they have contacted K. Hovnanian on numerous occasions, seeking information, and K. Hovnanian has not responded or divulged anything to them.  Because plaintiffs have a material interest in K. Hovnanian, as it relates to James Leslie Surgick's estate, plaintiffs believe K. Hovnanian has acted unlawfully in failing to disclose certain information. Plaintiffs also posit that K. Hovnanian is liable for Cirella's misconduct.[12]

Under the aforementioned standard for federal pleading enunciated in Twombly and Iqbal, plaintiffs have failed to articulate sufficient facts to save their claims against K. Hovnanian's Motion to Dismiss.  In their amended complaint, plaintiffs explicitly reference K. Hovnanian about four times, and none of the averments, if accepted as true, states a claim for relief.  Moreover, were the Court to construe plaintiffs'

---

this letter, both K. Hovnanian and Cirella are named as defendants in this case.  The Court will address each defendant independently.

[12] In response to K. Hovnanian's Motion to Dismiss, plaintiffs initially filed a Motion for "More Definite Statement" and a Motion for "Extension of Time" to officially serve defendants.  Both motions were denied by the Magistrate Judge in her Order dated January 12, 2010.  Moreover, as K. Hovnanian correctly observes, neither motion sets forth any arguments or facts that effectively respond to or retort K. Hovnanian's Motion to Dismiss.

general allegations against "defendants" as also including K. Hovnanian, plaintiffs' amended complaint stills fails to state a claim against K. Hovnanian.

By not disclosing tax records and other information, plaintiffs allege that defendants have violated the First Amendment right to freedom of information, the Privacy Act,[13] and 26 U.S.C. § 6103(e) and "IRS Code 1729." Despite these generalized allegations, K. Hovnanian cannot be liable, as a matter of law, for the IRS's refusal or failure to turn over the administrative file, tax records, and/or other information it possesses in connection with a decedent or his estate. To the degree that plaintiffs request K. Hovnanian's own tax records and information, they have not proffered any legal authority to buttress their claim of entitlement or their desire to compel K. Hovnanian's consent.

As K. Hovnanian accurately explains, those statutes governing the dissemination of information by federal government agencies, such as the Privacy Act and the FOIA, do not generally apply to private entities. See Sharwell v. Best Buy, 2000 U.S. App. LEXIS 24828, at *5 (6th Cir. Sept. 26, 2000) ("The Privacy Act applies to federal agencies, not private entities."); Dorsey v. EEOC, 2010 U.S. Dist. LEXIS 28714, at *5 (S.D. Cal. Mar. 23,

---

[13] Plaintiffs reference FOIA in their opposition to the motions filed by K. Hovnanian and Cirella and Surgick.

2010) ("The FOIA only applies to federal agencies and not private corporations or individuals." (citing <u>Armstrong v. Exec. Office of the President</u>, 90 F.3d 553 (D.C. Cir. 1996))); <u>Dunleavy v. N.J.</u>, 2006 U.S. Dist. LEXIS 92346, at *18 (D.N.J. Dec. 20, 2006) (stating that "the term 'agency,' in reference to FOIA, applies strictly to federal agencies" (citing <u>Krebs v. Rutgers, the State University of New Jersey</u>, 797 F. Supp. 1246, 1253 (D.N.J. 1992))), <u>aff'd</u>, 251 F. App'x 80 (3d Cir. 2007); <u>Locke v. Medlab/General Chem.</u>, 2000 U.S. Dist. LEXIS 982, at *4 (E.D. Pa. Feb. 3, 2000) (explaining that federal government agencies, and not private corporations, may be sued under the Privacy Act). Accordingly, a claim under the Privacy Act or the FOIA against K. Hovnanian, a private corporation, fails as a matter of law.[14]

Moreover, for records and information relating to a third-party taxpayer, the IRS does not disclose upon request unless the requestor has the consent of the third-party taxpayer. <u>See</u> 26 U.S.C. § 6103(a) (providing that "[r]eturns and return

---

[14] Similarly, the plain language of Section 6103 of the Internal Revenue Code expressly states that an heir, next of kin, or beneficiary under a will may obtain the tax return or return information of a decedent or his or her estate "only if the <u>Secretary</u> [of the Treasury] finds" that the heir, next of kin, or beneficiary "has a material interest which will be affected by" the information requested. 26 U.S.C. §§ 6103(e)(1)(E), (e)(3) (emphasis added). Even if plaintiffs could pursue a cause of action under Section 6103, the statute provides that disclosure of such tax information is contingent upon the Secretary's finding of "material interest." Thus, without more, any claim against K. Hovnanian for its failure to disclose otherwise protected information would fail as a matter of law.

information shall be confidential"); <u>Berger</u>, 487 F. Supp. 2d at
494-95 ("[Section 6103], subject to certain exceptions not
applicable here, prohibits the disclosure of third-party tax
return information without the authorization of the third
party."). Again, the Court is unaware of, and plaintiffs do not
provide, any legal authority requiring K. Hovnanian to consent to
plaintiffs' request for disclosure of K. Hovnanian's own tax
information.

In summary, plaintiffs' claims against K. Hovnanian either
lack the requisite factual specificity necessary to survive a
motion to dismiss or fail as a matter of law. Therefore, K.
Hovnanian's Motion to Dismiss is granted, and plaintiffs' claims
against K. Hovnanian are dismissed.[15]

**D. Acquanetta Cirella and Rose Surgick's Motion to Dismiss**

In a letter to the Court, Acquanetta Cirella and Rose
Surgick opine that plaintiffs' claims against them should be
dismissed for the reasons articulated in K. Hovnanian's Motion to
Dismiss and, alternatively, on the grounds of supplemental

---

[15] Plaintiffs also set forth vague assertions that defendants
have caused them emotional distress and have deprived them of
their monetary and property interests in their father's estate.
Again, without more, these averments do not sufficiently
articulate claims upon which relief may be granted. <u>See</u> <u>Iqbal</u>,
129 S. Ct. at 1949 (stating that federal pleading standard
requires "more than an unadorned, the-defendant-unlawfully-
harmed-me accusation" and that a pleading fails if it "offers
labels and conclusions" or "tenders naked assertion[s] devoid of
further factual enhancement" (citations and internal quotation
marks omitted)).

jurisdiction.[16]  In response, plaintiffs reiterate and supplement their allegations against Cirella and Surgick, again emphasizing that both have attempted to conceal the value of James Leslie Surgick's estate, failed to cooperate in administering the estate, and committed fraud.

To the extent that certain causes of action seeking disclosure of information may be maintained against only federal government agencies, Cirella and Surgick, like K. Hovnanian, are entitled to a dismissal of those claims.  However, plaintiffs' allegations against Cirella and Surgick are more extensive than those asserted against K. Hovnanian.  Whether those claims are viable, adequately articulated, or sufficient to survive subsequent motions is unclear, and the Court offers no opinion. Nevertheless, absent more specific grounds for dismissal advanced by defendants, the Court, as a matter of law, cannot conclude at this time that plaintiffs have failed to state a claim upon which relief may be granted against Cirella or Surgick.

As for their jurisdictional challenge, Cirella and Surgick

---

[16] In their letter to the Court, Cirella and Surgick ask that the Court dismiss plaintiffs' claims "for failure to prove federal court 'personal jurisdiction' over this matter according to 28 U.S.C. 1367(a)(c)."  Although they mention "personal jurisdiction" in their filing, Cirella and Surgick cite to the supplemental jurisdiction statute, 28 U.S.C. § 1367, and, in apparent support of their assertion, refer to a case addressing supplemental jurisdiction.  Thus, by the Court's assessment, the relevant issue is the doctrine of supplemental jurisdiction, and not that of personal jurisdiction.

seem to argue that the Court should not exercise supplemental jurisdiction over those claims asserted against them.  Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In other words, so long as a federal claim remains potentially viable and the state law claims against Cirella and Surgick constitute part of the same case and controversy as does the federal claim, then this Court may exercise supplemental jurisdiction over the entire suit, at least in the interim.  <u>See id.</u>

Here, the entire case and controversy centers around the estate of James Leslie Surgick.  Plaintiffs' claims against the IRS are predicated upon their desire to learn of the estate's assets.  Plaintiffs' claims against Cirella and Surgick are predicated upon their purported control and misappropriation of the estate.  Accordingly, the Court may and will continue at this time to exercise jurisdiction over these related claims.[17]

_____

[17] If, at any time, plaintiffs' federal claims are dismissed entirely, Cirella and Surgick may renew their motion to dismiss on the grounds of supplemental jurisdiction or the Court may address the issue <u>sua</u> <u>sponte</u>.

For the reasons stated above, Acquanetta Cirella and Rose Surgick's Motion to Dismiss is denied, without prejudice. Cirella and Surgick are each granted thirty (30) days from the date of this Opinion to file their answers or to otherwise respond to plaintiffs' complaint.  Failure to do so could result in a default judgment for plaintiffs.

**E.   Plaintiffs' Motion for "Removal For Cause"**

Plaintiffs have filed a Motion for "Removal for Cause," in which they seek to remove Acquanetta Cirella and Rose Surgick as fiduciaries of James Leslie Surgick's estate.  In support of their motion, plaintiffs cite to N.J.S.A. 3B:14-21.[18]

---

[18] N.J.S.A. 3B:14-21 provides:

The court may remove a fiduciary from office when:

a.  After due notice of an order or judgment of the court so directing, he neglects or refuses, within the time fixed by the court, to file an inventory, render an account or give security or additional security;

b.  After due notice of any other order or judgment of the court made under its proper authority, he neglects or refuses to perform or obey the order or judgment within the time fixed by the court; or

c.  He has embezzled, wasted or misapplied any part of the estate committed to his custody, or has abused the trust and confidence reposed in him; or

d.  He has removed from the state or does not reside therein and neglects or refuses to proceed with the administration of the estate

21

Other issues notwithstanding, the Court must deny plaintiffs' motion because whether cause exists to remove Cirella and Surgick as fiduciaries involves questions of fact that cannot be resolved at this time without the benefit of discovery or the proffer of evidence.  "It has long been recognized that '[c]ourts are reluctant to remove an executor or trustee without clear and definite proof of fraud, gross carelessness or indifference.'" In re Estate of Hope, 2010 N.J. Super. Unpub. LEXIS 329, at **20-21 (N.J. App. Div. Feb. 22, 2010) (quoting Braman v. Cent. Hanover Bank & Trust Co., 47 A.2d 10 (N.J. Ch. 1946)) (other quotation marks omitted).  Absent any fact-finding to elucidate the matter -- or, even the precise grounds on which they should be removed -- the Court simply cannot decide whether removal is warranted at this time.[19]

---

and perform the duties and trust devolving upon him; or

e.   He is of unsound mind or mentally incapacitated for the transaction of business; or

f.   One of two or more fiduciaries has neglected or refused to perform his duties or to join with the other fiduciary or fiduciaries in the administration of the estate committed to their care whereby the proper administration and settlement of the estate is or may be hindered or prevented.

[19] Because the Court has not addressed plaintiffs' Motion for "Removal for Cause" on the merits, the Court need not assure itself at this time that it has subject matter jurisdiction to

Accordingly, plaintiffs' Motion for "Removal for Cause" is denied.

**F.   Plaintiffs' Motion for Default Judgment**

Plaintiffs seek a default judgment against Acquanetta Cirella and Rose Surgick on account of their failure to respond in this case.

Pursuant to Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default,

---

rule substantively on this sort of claim and to issue the relief requested.  To note, however, the probate exception to federal jurisdiction precludes a federal court from attempting to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court."  Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227 (3d Cir. 2008) (citing Marshall v. Marshall, 547 U.S. 293 (2006)).  With the probate exception in mind, at least one federal district court has questioned its authority to appoint or remove an estate's fiduciary.  See Harris v. Onyx Indus. Servs., Inc., 2007 U.S. Dist. LEXIS 32052, at **31-33 (S.D. W. Va. May 1, 2007) (explaining that, while it could hear a claim for breach of fiduciary duty against the administratrix of an estate, the court "is quite clearly without jurisdiction, and accordingly declines, to meddle in the appointment or removal of the administratrix").  Here, plaintiffs appear to ask the Court to strip Cirella and Surgick of any control they may have over James Leslie Surgick's estate, to order them to produce documents related to the estate, and to enable plaintiffs to divvy up their purported shares of the estate.  Assuming arguendo the plausibility of this request and the desired remedy, the Court still expresses weighty reservations about taking such a course of action.  Nonetheless, the Court need not decide the exact parameters of its authority at this time.

a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b).  However, notwithstanding a plaintiff's compliance with the Rule, "entry of a default judgment is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  "[T]he party making the request is not entitled to a default judgment as of right."  Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted).

Plaintiffs are not entitled to a default judgment against either Cirella or Surgick at this time because both defendants jointly responded to the complaint before plaintiffs filed their Motion for Default Judgment.  On October 13, 2009, Cirella and Surgick filed a document with the Court, contesting plaintiffs' allegations and requesting a dismissal of the complaint.  The Court construes this submission as a motion to dismiss.  For the reasons stated above, defendants' motion will be dismissed, but it, nevertheless, shows that Cirella and Surgick have attempted to defend themselves in this case against plaintiffs' claims.

Therefore, for the aforementioned reasons, plaintiffs' Motion for Default Judgment is denied, without prejudice.[20]

---

[20] To the extent that plaintiffs' Motion for Default Judgment also seeks a judgment or remedy against the IRS or K. Hovnanian, the motion is equally meritless and will be denied.

## IV.   CONCLUSION

For the foregoing reasons, the IRS's Motion to Dismiss is granted.  Plaintiffs will have thirty (30) days from the date of this Opinion to amend their complaint to add a claim pursuant to FOIA.  Further, K. Hovnanian's Motion to Dismiss is granted. Acquanetta Cirella and Rose Surgick's Motion to Dismiss is denied.  Lastly, plaintiffs' Motion for "Removal for Cause" is denied, and their Motion for Default Judgment is denied.  An Order consistent with this Opinion will be entered.


DATED:   June 15, 2010            /s/ NOEL L. HILLMAN
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.