```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ZEFFIE SURGICK and CORDELIA JOHNSON, | |
| Plaintiffs, | Civil Action No. 09-cv-3807 (NLH)(KMW) |
| v. | OPINION |
| ACQUANETTA CIRELLA, ROSE SURGICK, K. HOVNANIAN ENTERPRISES, INC., C/O ACQUANETTA CIRELLA, and INTERNAL REVENUE SERVICE, | |
| Defendants. | |

**APPEARANCES**:

Zeffie Surgick
4333 North 27th Avenue, Apt. 102
Phoenix, AZ 85017
*Pro Se Plaintiff*

Cordelia Johnson
2413 South Cuthbert Drive
Lindenwold, N.J. 08021
*Pro Se Plaintiff*

Acquanetta Cirella
341 North 16th Street
Allentown, PA 18102
*Pro Se Defendant*

Rose Surgick
341 North 16th Street
Allentown, PA 18102
*Pro Se Defendant*[1]
Alan S. Naar, Esquire

---

[1] Recent mailings to this address have been returned to the Court as undeliverable. Plaintiffs provide the following as an alternate address: P.O. Box 6628, Chandler, AZ 85246-6628. Having appeared in this case, Rose Surgick, like all parties, has a responsibility to keep the Court abreast of her latest mailing address.

Greenbaum, Rowe, Smith & Davis, LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, N.J. 07095-0988
*Attorney for Defendant K. Hovnanian Enterprises, Inc.*

Christopher David Belen, Esquire
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
*Attorney for Defendant Internal Revenue Service*

**HILLMAN, District Judge**

Plaintiffs, Zeffie Surgick and Cordelia Johnson, have brought a suit against defendants, Acquanetta Cirella, Rose Surgick, and the Internal Revenue Service ("IRS"), with regard to the estate of Plaintiffs' father, James Leslie Surgick.[2]  By denying them access to tax records and other information relating to their father and his estate, Plaintiffs allege that defendants have violated their First Amendment and statutory rights to freedom of information.  Additionally, Plaintiffs accuse Cirella and Rose Surgick, both of whom allegedly exercise power of attorney over the estate, of conspiring to deceive, defraud, and conceal the value of the estate and of refusing to cooperate with Plaintiffs.

Presently before this Court are motions to dismiss submitted

---

[2] Plaintiffs also named as defendants K. Hovnanian Enterprises, Inc. ("K. Hovnanian"), but in its Opinion and Order dated June 15, 2010, the Court dismissed all claims against K. Hovnanian and terminated the party from this suit.

2

by the IRS and Acquanetta Cirella and Rose Surgick.  For the following reasons, the IRS's Motion to Dismiss is denied. Further, Cirella and Surgick's Motion to Dismiss is denied.

## I.  JURISDICTION

Plaintiffs set forth claims derived from both federal and New Jersey law.  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331. Further, this Court may exercise supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

## II.  BACKGROUND

Plaintiffs, Zeffie Surgick and Cordelia Johnson, are two of James Leslie Surgick's children.[3]  In May 1996, James Leslie Surgick died intestate, leaving behind his estate and his twelve children, including Plaintiffs and defendants, Acquanetta Cirella and Rose Surgick.  According to Plaintiffs' original complaint, Cirella and Rose Surgick obtained power of attorney over their father's estate.  Upon assuming power of attorney, however, Cirella and Surgick refused to cooperate with Plaintiffs. Despite Plaintiffs' requests, Cirella and Surgick have not provided them with certain information relating to the estate,

---

[3] The following facts are derived from Plaintiff's complaints and are in large part adopted from the recitation of facts in this Court's Opinion dated June 15, 2010.

3

such as an account of its assets.[4]

Plaintiffs turned to the IRS and requested documents and records relating to their father and his estate. In search of information, they also reached out to K. Hovnanian, a corporation in which their father allegedly had some sort of ownership, control, or interest. Neither the IRS nor K. Hovnanian provided Plaintiffs with the information they sought.

On July 31, 2009, Plaintiffs filed a complaint in this Court against Cirella, Surgick, and K. Hovnanian. Soon thereafter, the Court issued an Order to Show Cause, directing Plaintiffs to properly plead the federal question that would serve as the basis for the Court's jurisdiction over the case. On August 13, 2009, Plaintiffs filed an amended complaint, adding the IRS as a defendant. By denying them access to the tax records and other information relating to their father and his estate, Plaintiffs claim that defendants violated their First Amendment rights to freedom of information and federal statutory law. Plaintiffs also allege that Cirella and Rose Surgick conspired to deceive,

---

[4] Based on Plaintiffs' various submissions and a document filed by Cirella and Surgick, it appears that James Leslie Surgick's estate has spawned, or been involved in, significant litigation throughout the years. For example, Plaintiffs represent that in the fall of 2007, they and other heirs filed a suit in the Superior Court of New Jersey, alleging fraud, presumably against Cirella and Surgick. According to Plaintiffs, defendants defaulted by not responding to the complaint. Consequently, the Superior Court found in favor of Plaintiffs and the heirs, but could not locate, and thus award, the estate's assets.

defraud, and conceal the value of the estate and have refused to cooperate with Plaintiffs.

In its Opinion and Order dated June 15, 2010, the Court dismissed Plaintiffs' claims against K. Hovnanian and terminated the company from this case. Further, the Court held that, *inter alia*, Plaintiffs had not sufficiently pleaded a cause of action under the Freedom of Information Act (or, "FOIA"), 5 U.S.C. § 552, nor did they indicate that they had exhausted their administrative remedies. Thus, the Court dismissed Plaintiffs' claim against the IRS, but granted them leave to amend their complaint. Soon thereafter, Plaintiffs filed a second amended complaint alleging that the IRS violated FOIA by withholding information pertaining to their father's estate. Plaintiffs also aver in their second amended complaint that they have exhausted all administrative remedies available to them under FOIA.

In September 2010, the IRS filed a Motion to Dismiss against Plaintiffs' second amended complaint. Around that same time, Cirella and Rose Surgick also moved to dismiss Plaintiffs' claims.

### III. DISCUSSION

#### A. Standards of Review

In this case, defendants invoke Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure

5

12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'" (citation omitted)). First, under the Twombly/Iqbal standard, a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading

6

standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "Plaintiff bears the burden of proving that the relevant jurisdictional requirements are met." Sindram v. Fox, 2009 U.S. Dist. LEXIS 16713, at *6 (E.D. Pa. Feb. 27, 2009) (citing Dev. Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995)). When addressing a Rule 12(b)(1) motion, the court need not accept the plaintiff's allegations as true, and if a factual question pertaining to jurisdiction exists, the court may examine facts and evidence outside of the pleadings to assure itself of its authority to hear the case. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).

    **B.    The IRS's Motion to Dismiss**

The IRS argues that Plaintiffs fail to state a claim upon which relief may be granted under FOIA. The IRS represents that

7

it has already provided to Plaintiffs three pages of documents concerning their father's estate. The other documentation Plaintiffs requested, the IRS reports, is either non-existent, or pertains to K. Hovnanian and cannot be furnished without K. Hovnanian's consent. Therefore, because it has complied with FOIA and has not impermissibly withheld any documentation to which Plaintiffs are entitled, the IRS seeks dismissal of Plaintiffs' FOIA claim.

Plaintiffs, on the other hand, insist that the IRS is withholding documentation relating to their father, James L. Surgick, and his estate.

First, the Court agrees with the IRS that the federal agency need not release to Plaintiffs any administrative files, tax information, or other documentation pertaining to K. Hovnanian unless Plaintiffs first obtain K. Hovnanian's consent. Exemption 3 of the Freedom of Information Act empowers a federal agency to withhold documents when they are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Bearing this in mind, Section 6103 of the Internal Revenue Code provides that, absent an exception, "[r]eturns and return information shall be confidential." 26 U.S.C. § 6103(a). Accordingly, Section 6103 qualifies as a statute subsumed within Exemption 3 of the FOIA and, in turn, generally prohibits the dissemination of tax return information by a federal agency, including the IRS. See Grasso v. IRS, 785 F.2d 70, 75 (3d Cir. 1986) (concluding that "section

8

6103 provides only a substantive standard, and thus can more reasonably be viewed as subsumed into exemption 3 of FOIA"); Berger v. IRS, 487 F. Supp. 2d 482, 494 (D.N.J. 2007) ("Section 6103 of the Internal Revenue Code, 26 U.S.C. § 6103, has long been held to be a qualifying statute under Exemption 3 [of FOIA]."), aff'd, 288 F. App'x 829 (3d Cir. 2008), cert. denied, 129 S. Ct. 2789 (2009). As explained in this Court's Opinion dated June 15, 2010, for records and information relating to a third-party taxpayer, the IRS does not disclose upon request unless the requestor has the consent of the third-party taxpayer. See 26 U.S.C. § 6103(a). Section 6103, "subject to certain exceptions not applicable here, prohibits the disclosure of third-party tax return information without the authorization of the third party." Berger, 487 F. Supp. 2d at 494-95.

Therefore, without any authorization provided by K. Hovnanian, the IRS is prohibited from releasing K. Hovnanian's tax information to Plaintiffs. Plaintiffs proffer no persuasive authority or argument to the contrary. Accordingly, to the extent that Plaintiffs demand the disclosure of K. Hovnanian's tax information, as defined by Section 6103, without any authorization, the IRS's motion should be granted.

However, before dismissing Plaintiffs' claim, the Court notes the general obligation of federal agencies to adhere to FOIA's segregation requirement, which mandates that "[a]ny reasonably segregable portion of a record shall be provided to

any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b); see also <u>Arizechi v. IRS</u>, 2008 U.S. Dist. LEXIS 13753, at *8 (D.N.J. Feb. 25, 2008); <u>Berger</u>, 487 F. Supp. 2d at 494-95. It is unclear whether segregation could be utilized with respect to those documents requested by Plaintiffs. Therefore, before the Court may dismiss Plaintiffs' claim entirely, the IRS should at least address the applicability and plausibility of segregation in this matter in a subsequent brief.[5]

Second, Plaintiffs appear to have a legitimate claim of entitlement to tax information relating to their deceased father and his estate. <u>See</u> 26 U.S.C. § 6103(e)(3). Recognizing as much, the IRS released to Plaintiffs three pages of tax information regarding their father's estate. Plaintiffs, however, appear to assert that the IRS is impermissibly withholding a multitude of other documents they requested. The IRS, in turn, says that those documents were either destroyed or simply do not exist.

In their second amended complaint, Plaintiffs state that the "IRS violated FOIA by withholding the information to the plaintiffs['] deceased fathers' [sic] estate [a]nd trust tax return and return information." (Second Amend. Compl., ¶ 3.7).

---

[5] A motion for summary judgment, as discussed *infra*, would provide a suitable opportunity for the IRS to address this discrete issue.

Plaintiffs also represent that they have exhausted their administrative remedies with the IRS. Previously, Plaintiffs proffered to the Court their correspondence with the IRS in which they ostensibly attempted to pursue disclosures and remedies in accordance with FOIA.[6] In its Motion to Dismiss, the IRS does not expressly challenge Plaintiffs' actions relative to their father's tax information. Thus, for purposes of this motion, the Court accepts that Plaintiffs have attempted to execute a request for information under FOIA and that they have exhausted their administrative remedies.

Given those averments made in their complaints, along with other submissions, Plaintiffs, who have and continue to represent themselves *pro se*, have set forth a colorable claim under FOIA. However, undermining the merits of Plaintiffs' claim are the IRS's representations that its officials have conducted a reasonable investigation for those documents requested by Plaintiffs, discovered that most of those documents were either destroyed or do not exist, and already provided the documents they do have. (See Doc. #'s 15-3; 34 at 7, 9; 42 at 9-10; 63 at 5). Assuming *arguendo* their veracity and accuracy, those representations would seemingly extinguish Plaintiffs' FOIA

---

[6] Plaintiffs have furnished documents to demonstrate their attempts to pursue their requests, to comply with FOIA, and to exhaust their administrative remedies. For example, in a letter dated May 3, 2010, Plaintiffs claim that they have recently filed a FOIA request with the IRS and that they subsequently appealed the FOIA decision, which was denied.

11

claim. See Berger, 487 F. Supp. 2d at 494. However, to accept those representations, the Court must consider evidence beyond the pleadings, specifically affidavits or declarations furnished by IRS officials and other documentation regarding Plaintiffs' FOIA request. The consideration of such evidence, when determining the validity of a claim and not merely jurisdiction, is best reserved for summary judgment, lest the Court risk favoring a defendant's assertions at the expense of plaintiffs' opportunity to present the merits of their case.

Accordingly, the Court will deny the IRS's Motion to Dismiss, without prejudice, and encourage the IRS to file its motion as one for summary judgment.[7] By so doing, the Court may properly consider the IRS's search for Plaintiffs' requested information and may resolve any questions raised by Plaintiffs'

---

[7] The Court has the authority to convert a motion to dismiss to a motion for summary judgment when it evaluates and relies upon evidence outside of the pleadings, see Fed. R. Civ. P. 12(d), and such a motion may be appropriate in this stage of the proceedings. See Voinche v. FBI, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) ("FOIA actions are typically resolved without discovery."); see also Dinsio v. FBI, 2007 U.S. Dist. LEXIS 60269, at **5-7 (W.D.N.Y. Aug. 16, 2007) (noting that conclusory allegations and blanket assertions that other, undisclosed records exist and that the federal agency has not conducted an adequate investigation for them or has deliberately concealed or withheld them will not, alone, warrant discovery or defeat a properly supported motion for summary judgment). To do so, however, the Court must notify the parties in advance so that they may respond accordingly. In this case, the better course of action is to deny the IRS's motion, without prejudice, and allow it to re-file its motion as one for summary judgment. As a result, the parties will be sufficiently aware of the nature of the motion and the parties can elucidate on other issues raised by the Court in this Opinion.

12

accusations concerning improper retention and non-disclosure of documents.

Therefore, for the reasons stated above, the IRS's Motion to Dismiss is denied.[8]

**C.    Acquanetta Cirella and Rose Surgick's Motion to Dismiss**

Acquanetta Cirella and Rose Surgick (collectively, "Defendants") contend that this Court lacks subject matter jurisdiction over this case because no federal question is implicated and that this case is moot.  Further, Defendants seem to object to Plaintiffs re-litigating matters that had been previously addressed in other proceedings.  Plaintiffs counter that they have raised a federal question as part of their action and that they are pursuing this case with information and evidence they never previously had at their disposal.

Contrary to Defendants' assertion, a federal question does exist in this case: Plaintiffs' FOIA claim against the IRS. Given that claim and the facts attendant to it, the Court may exercise supplemental jurisdiction over Plaintiffs' related state law claim against Defendants, see 28 U.S.C. § 1367, as explained

---

[8] The Court notes, as it did in its June 15, 2010 Opinion, the vagueness of Plaintiffs' claims against the IRS.  In their second amended complaint, in conjunction with other submissions, Plaintiffs set forth a FOIA claim, which is addressed herein. Plaintiffs, however, do not articulate any other claims against the IRS in their second amended complaint with sufficient specificity and clarity.  Therefore, the Court construes the FOIA claim as the only viable cause of action pending against the IRS in this matter.

in greater detail in the June 15, 2010 Opinion.[9]

As for the mootness argument, Plaintiffs state a cause of action against Defendants alleging, *inter alia*, fraud in their dealings with the estate of James Leslie Surgick. Nothing in the record suggests that the claim is moot, that is, that no case or controversy exists between the parties. However, Defendants superficially raise a question as to whether the doctrines of res judicata, collateral estoppel, or New Jersey's entire controversy doctrine may be applicable in this matter. In other words, Defendants seem to take issue with Plaintiffs' re-litigation of issues that already have been, or should have been, addressed by other courts. On the present record, the Court cannot say whether those doctrines of preclusion should bar Plaintiffs' present action.[10]

---

[9] If and when Plaintiffs' federal claims are entirely obviated and the IRS is terminated from this suit, the Court may then have to determine whether diversity of citizenship of the remaining parties constitutes another basis for subject matter jurisdiction. See 28 U.S.C. § 1332.

[10] If Defendants intended to argue that Plaintiffs' claims are barred by any of the aforementioned doctrines, or any other principle of law, then they must carry their burden and proffer cogent arguments to that effect, including a precise summary of whatever other judicial proceedings may have transpired in this case. The Court recognizes that, notwithstanding the IRS, the parties in this case, both the plaintiffs and the defendants, are *pro se* litigants, presumably unlearned in the technical, arduous, and often opaque, intricacies of law. Nevertheless, the Court cannot litigate the case for the parties and must have their assistance if it is to adjudicate and resolve this case in a fair, just, and efficient manner.

14

Therefore, for the reasons stated above, Acquanetta Cirella and Rose Surgick's Motion to Dismiss is denied, without prejudice.  Cirella and Surgick are each granted thirty (30) days from the date of this Opinion to file their answers or to otherwise respond to Plaintiffs' complaint.  Failure to do so could result in a default judgment for Plaintiffs.

**IV.  CONCLUSION**

For the foregoing reasons, the IRS's Motion to Dismiss is denied.  Further, Acquanetta Cirella and Rose Surgick's Motion to Dismiss is denied.  An Order consistent with this Opinion will be entered.


DATED:   June 29, 2011         /s/ NOEL L. HILLMAN  
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.