# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZEFFIE SURGICK and CORDELIA JOHNSON, | : | Civil No. 09-3807 (NLH/KMW) |
|  | : |  |
| Plaintiffs, | : | **OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| ACQUANETTA CIRELLA, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

Zeffie Surgick
4333 North 27th Avenue
Apartment 123
Phoenix, Arizona 85017
    *Pro Se Plaintiff*

Cordelia Johnson
2413 South Cuthbert Drive
Lindenwold, New Jersey 08021
    *Pro Se Plaintiff*

Acquanetta Cirella
341 North 16th Street
Allentown, PA 18102
    *Pro Se Defendant*

Rose Surgick
341 North 16th Street
Allentown, PA 18102
    *Pro Se Defendant*[1]

---

1. By Opinion dated June 29, 2011, the Court noted that "[r]ecent mailings to this address have been returned to the Court as undeliverable.  Plaintiffs provide the following as an alternate address: P.O. Box 6628, Chandler, AZ 85246-6628. Having appeared in this case, Rose Surgick, like all parties, has a responsibility to keep the Court abreast of her latest mailing address."  (Op. [Doc. No. 91] 1 n.1, June 29, 2011.)

Alan S. Naar, Esquire
Greenbaum, Rowe, Smith & Davis, LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, N.J. 07095-0988
    *Attorney for Defendant K. Hovnanian Enterprises, Inc.*

Christopher David Belen, Esquire
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
    *Attorney for Defendant Internal Revenue Service*

**HILLMAN, District Judge**

   This matter comes before the Court by way of two motions

[Doc. Nos. 102, 130] by Defendant Internal Revenue Service

(hereinafter, "the IRS") seeking summary judgment as to

Plaintiffs' claim against the IRS and seeking to strike

Plaintiffs' jury demand.  Also before the Court is a motion [Doc.

No. 133] filed on behalf of pro se Defendant Acquanetta Cirella

(hereinafter, "Defendant Cirella") and pro se Defendant Rose

Surgick (hereinafter, "Defendant Surgick") seeking to dismiss

Plaintiffs' complaint.  The Court has considered the parties'

_____

   To date, Rose Surgick has not provided the Court with an
updated address.  In the event that the above address is not
accurate, the Court reminds Defendant Surgick that she has a
continuing obligation to inform the Court regarding any change in
her address pursuant to Local Civil Rule 10.1(a) and may be
subject to sanctions for her failure to do so.  See L. Civ. R.
10.1(a) ("... unrepresented parties must advise the Court of any
change in their ... address within seven days of being apprised
of such change by filing a notice of said change with the Clerk.
Failure to file a notice of address change may result in the
imposition of sanctions by the Court.")

submissions and decides this matter pursuant to Federal Rule of
Civil Procedure 78.

    For the reasons expressed below, the IRS's motion for
summary judgment is granted, and the motion to strike Plaintiffs'
jury demand is dismissed as moot.  Additionally, the motion to
dismiss by Defendants Cirella and Surgick is denied.


## I.  <u>JURISDICTION</u>

    In this action, Plaintiffs allege both a federal claim and
claims which arise under New Jersey state law.  Accordingly, the
Court has subject matter jurisdiction over Plaintiffs' federal
claim pursuant to 28 U.S.C. § 1331.  Further, this Court may
exercise supplemental jurisdiction over Plaintiffs' related state
law claims pursuant to 28 U.S.C. § 1367.


## II.  <u>BACKGROUND</u>

    The Court set forth the detailed factual background of this
case in two prior Opinions dated June 15, 2010 and June 29, 2011,
respectively.  (<u>See</u> Op. [Doc. No. 50] 3-5, June 15, 2010; Op.
[Doc. No. 91] 3-5, June 29, 2011.)  Accordingly, the Court sets
forth herein only those facts relevant to the present motions.

### A.  **Plaintiffs' Complaint and the June 15, 2011 Opinion**

    In this case, <u>pro</u> <u>se</u> Plaintiff Zeffie Surgick ("Plaintiff

Surgick") and pro se Plaintiff Cordelia Johnson, ("Plaintiff

Johnson"),[2] filed suit against several Defendants with regard to

the estate of Plaintiffs' father, James Leslie Surgick

(hereinafter, "the JLS Estate"). (Op. [Doc. No. 50] 2, June 15,

2010.) In May 1996, James Leslie Surgick died intestate, leaving

behind the JLS Estate[3] and his twelve children, including

---

2. By letter dated December 15, 2011, Plaintiff Surgick informed
the Court that pro se Plaintiff Cordelia Johnson, "died suddenly
on November 8, 2011." (Letter dated Dec. 15, 2011 from Pl.
Surgick [Doc. No. 124] 1.) Plaintiff Surgick indicates that
Plaintiff Johnson's daughter, Charlotte Surgick, "is an
interested party and wishes to inherit her mother's portion of
the estate[,]" but specifically asserts that "[t]here will be no
'substitution of parties'." (Id.) Additionally, Plaintiff
Surgick requests that the Court "immediately stay the federal
proceedings to allow the state court to consider the questions of
state law." (Id.)

      With respect to the death of Plaintiff Johnson, Federal Rule
of Civil Procedure 25(a)(1) provides that "[i]f a party dies and
the claim is not extinguished, the court may order substitution
of the proper party. A motion for substitution may be made by
any party or by the decedent's successor or representative. If
the motion is not made within 90 days after service of a
statement noting the death, the action by or against the decedent
must be dismissed." FED. R. CIV. P. 25(a)(1). To date, no motion
to substitute has been filed with regard to the death of
Plaintiff Johnson.

      With respect to Plaintiff Surgick's request to stay this
matter, the Court need not address the issue of a stay because
Plaintiff Surgick withdrew the request on February 9, 2012. (See
Demand for Jury Trial [Doc. No. 129] 1) (indicating that
Plaintiffs want "to proceed and finish this case in federal
court" and "do not want the federal court to stay the case, but
[want] to proceed with di[s]covery, if any, and trial.").

3. As the Court previously noted, "it appears that James Leslie
Surgick's estate has spawned, or been involved in, significant
litigation throughout the years. For example, [P]aintiffs
represent that in the fall of 2007, they and other heirs filed a
suit in the Superior Court of New Jersey, alleging fraud,
presumably against [Defendants] Cirella and Surgick. According

Plaintiffs and the individual Defendants in this case.  (<u>Id.</u> at 3.)  Plaintiffs allege that after assuming power of attorney over the JLS Estate, Defendants Cirella and Surgick failed to provide Plaintiffs with certain information relating to the estate, such as an account of the JLS Estate assets despite Plaintiffs' requests.  (<u>Id.</u>)  When the individual Defendants failed to provide this documentation, Plaintiffs requested this information from the IRS and K. Hovnanian Enterprises, Inc. (hereinafter, "K. Hovnanian"), a corporation in which James Leslie Surgick allegedly had some form of ownership, control, or interest, but both the IRS and K. Hovnanian failed to provide the requested documents.  (<u>Id.</u> at 4.)  As a result, Plaintiffs filed their initial complaint in this Court naming only K. Hovnanian, Acquanetta Cirella, and Rose Surgick as Defendants.  (<u>Id.</u>)

In response to an Order to Show Cause issued by the Court on August 5, 2009, Plaintiffs filed an amended complaint naming the IRS as an additional defendant and claiming violations of Plaintiffs' "First Amendment rights to freedom of information and federal statutory law, specifically 26 U.S.C. § 6103(e)(3) and 'IRS Code 1729' and the Privacy Act, 5 U.S.C. § 552a."  (<u>Id.</u> at 4-5.)  Plaintiffs also alleged that Defendants Cirella and

_____

to [P]laintiffs, [D]efendants defaulted by not responding to the complaint.  Consequently, the Superior Court found in favor of [P]laintiffs and the heirs, but could not locate, and thus award, the estate's assets."  (Op. [Doc. No. 50] 5 n.3, June 15, 2010.)

Surgick conspired to deceive, defraud, and conceal the value of the JLS Estate and refused to cooperate with Plaintiffs.  (Id. at 5.)  Subsequently all Defendants moved to dismiss Plaintiffs' amended complaint, and by Opinion and Order dated June 15, 2010, the Court dismissed Plaintiffs' claims against K. Hovnanian and terminated that corporation as a defendant in this action.  (Op. [Doc. No. 50] 14-18, June 15, 2010; Order [Doc. No. 51] 1, June 15, 2010.)

With respect to the IRS's first motion to dismiss, the Court granted the motion after finding, *inter alia*, that Plaintiffs had not sufficiently plead a cause of action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and that Plaintiffs failed to indicate whether they exhausted their administrative remedies on the FOIA claim.  (Op. [Doc. No. 50] 11-14, June 15, 2010.)  Although the Court granted the IRS's first motion and dismissed Plaintiffs' claims against the IRS, the dismissal was without prejudice.  (Id. at 14.)  Accordingly, the Court granted Plaintiffs leave to amend their complaint regarding any claim under FOIA.  (Id.)  In the June 15, 2010 Opinion the Court also denied Defendants Cirella and Surgick's motion to dismiss.  (Id. at 21.)

   **B.   Second Amended Complaint and the June 29, 2011 Opinion**

Plaintiffs then filed a second amended complaint in this action which alleged that: (1) the IRS violated FOIA by

6

withholding information pertaining to the JLS Estate and James
Leslie Surgick; and (2) Plaintiffs have properly exhausted the
administrative remedies available under FOIA.  (Pls.' Am. Compl.
[Doc. No. 63] ¶¶ 3.7, 5.12-5.17.)   The IRS then moved to dismiss
Plaintiffs' claims for a second time, as did Defendants Cirella
and Surgick.  By Opinion and Order dated June 29, 2011, the Court
denied the IRS's motion to dismiss.  (Op. [Doc. No. 91] 8-13,
June 29, 2011; Order [Doc. No. 92] 1, June 29, 2011.)  The Court
recognized that the IRS's motion should likely have been granted
to the extent Plaintiffs' sought disclosure of K. Hovnanian's tax
information, but the Court denied that portion of the motion
because the IRS failed to address FOIA's segregation requirement.
(Op. [Doc. No. 91] 9-10, June 29, 2011.)  Accordingly, the Court
directed the IRS to address the segregation requirement in a
subsequent brief, such as one made in support of a motion for
summary judgment.  (Id. at 10 n.5.)

Additionally, the Court also recognized that, assuming their
veracity and accuracy, representations by the IRS that "its
officials ... conducted a reasonable investigation for [the]
documents requested by Plaintiffs[;] discovered that most of
those documents were either destroyed or d[id] not exist[;] and
... provided the documents they [did] have" would "seemingly
extinguish Plaintiffs' FOIA claim."  (Id. at 11-12.)  Despite
this recognition, the Court found that the IRS's representations

were more appropriately considered on a motion for summary judgment, rather than a motion to dismiss.  (Id. at 12.)  Thus, the Court denied the IRS's motion to dismiss but "encourage[d] the IRS to file its motion as one for summary judgment."[4]  (Id.)

Finally, the Court's June 29, 2011 Opinion also denied Defendants Cirella and Surgick's second motion to dismiss.  (Id. at 15.)  The Court specifically addressed two arguments made by the individual Defendants: (1) that the Court lacked subject matter jurisdiction because no federal question existed in the case; and (2) that the case was moot because these claims were previously litigated by Plaintiffs.  (Id. at 13-14.)  The Court explicitly found that at the time of Defendants' second motion to dismiss, a federal question in fact existed in the case with regard to Plaintiffs' FOIA claim against the IRS, and noted that the Court could properly exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.[5]  (Id. at 13.)  To the extent Defendants Cirella and Surgick argued that the case was moot and essentially raised a question as to whether

_____

4.  The Court also found that Plaintiffs' FOIA claim was "the only viable cause of action pending against the IRS in this matter."  (Op. [Doc. No. 91] 13 n.8, June 29, 2011.)

5.  The Court also recognized that if Plaintiffs' federal claim against the IRS was subsequently dismissed from the case, the Court would then have to determine whether Plaintiffs' second amended complaint supported the exercise of diversity jurisdiction under 28 U.S.C. § 1332.  (Op. [Doc. No. 91] 14 n.9, June 29, 2011.)

Plaintiffs' state law claims were barred by various preclusion doctrines, the Court denied the motion finding that the record was insufficient to support the application of any preclusion doctrine and instructed Defendants to "carry their burden and proffer cogent arguments to [this] effect, including a precise summary of whatever other judicial proceedings may have transpired in this case."  (Id. at 14; see also id. at 14 n.10.)

### C.   Pending Motions

After the denial of these motions, the IRS filed a motion [Doc. No. 102] for summary judgment on August 11, 2011. Subsequently, Plaintiffs filed two separate jury demands, one on September 1, 2011 [Doc. No. 110] and one on February 9, 2012 [Doc. No. 129].  In response, the IRS filed a motion [Doc. No. 130] to strike Plaintiffs' jury demands.  Finally, Defendants Cirella and Surgick filed a third motion [Doc. No. 133] to dismiss Plaintiffs' complaint on February 16, 2012.

### III. DISCUSSION

In accordance with the Court's June 29, 2011 Opinion, the IRS presently moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of

material fact." (citation omitted); <u>see also</u> <u>Singletary v. Pa.</u>
<u>Dept. of Corr.</u>, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although
the initial burden is on the summary judgment movant to show the
absence of a genuine issue of material fact, 'the burden on the
moving party may be discharged by "showing" -- that is, pointing
out to the district court -- that there is an absence of evidence
to support the nonmoving party's case' when the nonmoving party
bears the ultimate burden of proof.") (citing <u>Celotex</u>, 477 U.S.
at 325).

Once the moving party has met this burden, the nonmoving
party must identify, by affidavits or otherwise, specific facts
showing that there is a genuine issue for trial. <u>Celotex</u>, 477
U.S. at 324. Thus, to withstand a properly supported motion for
summary judgment, the nonmoving party must identify specific
facts and affirmative evidence that contradict those offered by
the moving party. <u>Anderson</u>, 477 U.S. at 256-57. A party
opposing summary judgment must do more than just rest upon mere
allegations, general denials, or vague statements. <u>Saldana v.</u>
<u>Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001).


IV.   **ANALYSIS**

A.   **The IRS's Summary Judgment Motion**

In the instant motion, the IRS argues generally that it is
entitled to summary judgment on Plaintiffs' FOIA claim because

11

the IRS is not improperly withholding agency records.  (IRS's Br. in Supp. of its Mot. for Summ. J. [Doc. No. 104] (hereinafter, "IRS Summ J. Br."), 6, 9.)  Accordingly, the IRS seeks summary judgment on two specific issues.  First, the IRS argues that Plaintiffs do not have a valid FOIA claim regarding the tax documents of their father, James Leslie Surgick and the JLS Estate.  (IRS Summ J. Br. 10-13.)  Second, the IRS asserts that it is entitled to summary judgment regarding Plaintiffs' requests for tax return information for K. Hovnanian because Plaintiffs failed to obtain K. Hovnanian's consent and because K. Hovnanian's tax records are exempt from disclosure.  (Id. at 13-18.)

In support of the motion, the IRS submits the following documents: (1) the declaration of disclosure specialist Vivian A. King [Doc. No. 102-2] (hereinafter, "King Decl."); (2) exhibit A to the King Declaration [Doc. No. 102-3] (hereinafter, "King Ex. A"), a July 23, 2008 letter request to the IRS from Plaintiff Surgick; (3) the declaration of disclosure specialist Jean Pelzl [Doc. No. 102-4] (hereinafter, "Pelzl Decl."); (4) exhibit A to the Pelzl Declaration [Doc. No. 102-5] (hereinafter, "Pelzl Ex. A"), a November 12, 2009 letter request to the IRS from Plaintiff Surgick; (5) exhibit B to the Pelzl Decl. [Doc. No. 102-6] (hereinafter, "Pelzl Ex. B"), a June 22, 2010 letter request to the IRS from Plaintiff Surgick; and (6) exhibit C to the Pelzl

Decl. [Doc. No. 102-7] (hereinafter, "Pelzl Ex. C"), a June 25, 2010 letter request to the IRS from Plaintiff Surgick.

To establish a FOIA claim, a plaintiff must establish that "(1) the requested documents are agency records[;] (2) the records have been withheld by the agency[;] and (3) the withholding was improper." Costal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 974 (3d Cir. 1981) (citing Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)). In ruling on the present motion for summary judgment, the Court notes that the parties do not appear to dispute that the tax records Plaintiffs sought are agency records of the IRS. The dispute here centers on whether the IRS has improperly withheld these agency records. While Plaintiffs assert that the IRS is withholding these documents improperly, the IRS argues that it has complied with its obligations under FOIA.

Where an agency asserts that it has fully complied with FOIA's disclosure obligations, the standard for granting summary judgment in favor of the agency is well established. Wright v. Potter, No. 4:CV-07-2073, 2008 WL 4279870, at *2 (M.D. Pa. Sept. 15, 2008), aff'd, 333 F. App'x 690 (3d Cir. 2009)) (citing Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)). Viewing the facts in the light most favorable to the party requesting the information, the agency must show, that there is no genuine issue of material fact. Wright, 2008 WL

4279870, at *2.  That is, in responding to a FOIA request, "an agency has a duty to conduct a reasonable search for responsive records." Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (citing Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).  Accordingly, "[t]he relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Abdelfattah, 488 F.3d at 182 (citing Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); see also Wright, 2008 WL 4279870, at *2 ("To meet this burden [on summary judgment], the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.")  As the Third Circuit previously held, an agency may demonstrate the adequacy of its search by providing a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched.'" Abdelfattah, 488 F.3d at 182 (citing Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999)); see also Wright v. Potter, 333 F. App'x 690, 692 (3d Cir. 2009).

   (1) Requests as to James Leslie Surgick & His Estate

   The IRS identifies four separate requests by Plaintiffs for tax records pertaining to James Leslie Surgick and the JLS

14

Estate: one made in 2008, one made in 2009, and two made in 2010. With respect to the 2008 request, Plaintiffs sought tax records for the years 1993-1996 and 2005-2007.  (IRS Summ. J. Br. 10; <u>see also</u> King Decl. ¶ 3; King Ex. A 1.)  Plaintiffs' 2009 request sought records for approximately 1995-2008, adding the years 1997-2004,  which were not previously requested by Plaintiffs.  (Pelzl Decl. ¶¶ 3-5; Pelzl Ex. A 2-3.)  Plaintiffs' 2010 requests sought the same information as the 2009 request, but unlike the 2009 request, the 2010 requests referenced FOIA rather that Section 6103(e) of the Internal Revenue Code.  (Pelzl Decl. ¶¶ 11-13; <u>see generally</u> Pelzl Exs. B, C.)

    Here, the IRS presents evidence by way of the King Declaration and the Pelzl Declaration demonstrating that in response to Plaintiffs' multiple requests made pursuant to both Section 6103(e) and FOIA, officials at the IRS conducted reasonable and adequate searches for documents responsive to Plaintiffs' requests.  Specifically, officials at the IRS who routinely process requests under Section 6103(e) and FOIA, conducted multiple searches of the IRS's comprehensive Integrated Data Retrieval System ("the IDRS")[6] to locate any information

---

6.  The IDRS is the IRS's "primary resource for researching current taxpayer account information" and it "contains information pertaining to returns filed by taxpayers and information submitted with respect to taxpayers by third parties" such as W-2 Forms filed by employers and 1099 Forms filed by financial institutions.  (<u>See</u> King Decl. ¶ 6; Pelzl Decl. ¶ 6.)

relating to James Leslie Surgick's name and taxpayer identification number[7] and that of the JLS Estate for the tax years indicated by Plaintiffs.  (See, e.g., King Decl. ¶¶ 2, 4-5, 7-8; Pelzl Decl. ¶¶ 2, 4-5, 7-8, 14.)  The King Declaration and the Pelzl Declaration also demonstrate that to the extent the IDRS indicated the existence of documents responsive to Plaintiffs' requests, IRS officials forwarded the results of these searches, along with document locator numbers for the responsive documents, to the Federal Records Center in order to determine the location of these documents, including tax returns. (King Decl. ¶¶ 6-8; Pelzl Decl. ¶¶ 6-8.)

Subsequently, IRS officials learned from the Federal Records Center that with respect to Plaintiffs 2008 request, there were no responsive documents for the tax years 1993-1996 because these materials were destroyed pursuant to the IRS's records retention schedule, and that no estate or personal tax records were located for the years 2005-2007.  (King Decl. ¶¶ 6-8, 10.)  With respect to Plaintiffs' 2009 and 2010 requests, IRS officials learned from the Federal Records Center that certain documents regarding the JLS Estate from 1998 and 1999, which were identified in the IDRS search, had similarly been destroyed based on the record retention policy, but that three other forms from 1999-2001 were

_____

7. For an individual, a taxpayer identification number is generally that person's social security number.  (King Decl. ¶ 6.)

located.  (Pelzl Decl. ¶¶ 6-7, 10, 13-14.)  As to James Leslie Surgick, IRS officials searched tax records based on the social security number provided by Plaintiffs, but the IDRS failed to identify any responsive records, indicating that there was no record of any tax returns being filed.  (Id. ¶¶ 8, 10, 13-14.) Thus, the IRS could not utilize document locator numbers to follow up with the Federal Records Center because any documents from 1995-1998 were destroyed and no responsive materials were located for 2002-2008.  (Id. ¶¶ 6-8, 10, 13-14.)

The King and Pelzl declarations further establish that: (1) all responsive documents located pursuant to Plaintiffs' requests were already provided to Plaintiffs in correspondence from the IRS, (see Pelzl Decl. ¶¶ 10); (2) the IRS informed Plaintiffs' of the results of the IRS's reasonable searches, (see King Decl. ¶ 10; Pelzl Decl. ¶¶ 10, 15); (3) the IRS specifically indicated to Plaintiffs that no responsive documents existed for James Leslie Surgick or the JLS Estate for tax years 1993-1996 and 2002-2008, (see King Decl. ¶ 10; Pelzl Decl. ¶¶ 10); and (4) Plaintiffs learned from the IRS that to the extent any records may have existed for tax years 1993-1998, those records would have been destroyed pursuant to the IRS's records retention schedule.  (See King Decl. ¶ 10; Pelzl Decl. ¶¶ 10, 15.)  Moreover, the record demonstrates that Plaintiffs were in fact aware of this information because Plaintiffs represented the same to the Court

and submitted copies of correspondence with the IRS informing
Plaintiffs of these facts.  (See, e.g., Pls.' Status Report
Regarding the IRS's Compliance with 26 U.S.C. § 6103(e) [Doc. No.
34] 2, 7, 9; Pls.' Status of IRS Compliance to 6103(e) [Doc. No.
42] 2, 7-10; Ex. 1 to Pl.'s Am. Compl. [Doc. No. 63] 1.)

     Based on the record in this case, the Court finds that the
IRS is entitled to summary judgment on Plaintiffs' FOIA claim
with regard to the tax record information for James Leslie
Surgick and the JLS Estate.  The Court concludes that the IRS
provided reasonable and sufficiently detailed declarations of two
IRS Disclosure Specialists who routinely process FOIA requests.
These declarations clearly set forth the search terms and the
type of searches performed by the IRS in response to Plaintiffs'
requests.  Moreover, the declarations sufficiently aver that all
files likely to contain responsive materials were searched
because the IRS searched the IDRS, its primary resource in
searching for tax records, and followed up on the results of IDRS
searches by working with the Federal Records Center to locate any
responsive documents.

     Additionally, the IRS provided Plaintiffs with the only
responsive documents that were located as a result of these
searches.  The IRS also clearly indicated to Plaintiffs that the
majority of Plaintiffs requests sought records which were
destroyed in accordance with the IRS's record retention schedule,

were non-existent, or were never filed with the IRS.  Under these
circumstances, it is clear that the IRS is not improperly
withholding any documents related to the tax records of James
Leslie Surgick or the JLS Estate.  First, to the extent
responsive documents existed, all such responsive documents were
provided to Plaintiffs.  Second, to the extent the IRS's searches
demonstrated that no responsive documents existed, the IRS cannot
"improperly withhold" documents when an adequate and reasonable
search reveals no documents responsive to the request.  See
Houghton v. C.I.A., 366 F. App'x 429, 431 (3d Cir. 2010)
(recognizing that where "no documents responsive to [a
plaintiff's] request were located, there were no documents for
the [defendant] to withhold").

     In opposing[8] the IRS's motion, Plaintiffs assert that the
"IRS has made a showing of bad faith."  (Pls.' Opp'n to IRS's
Mot. for Summ. J. [Doc. No. 111] 5.)  Plaintiffs also contend
that with respect to any documents destroyed pursuant to the
IRS's records retention schedule, the IRS fails to state whether
the destruction was "due to termination, payoff or
disposition[.]"  (Id. at 1.)  Plaintiffs further appear to assert

_____

8.  It appears that Plaintiffs' opposition to the IRS's motion
for summary judgment was not timely filed.  However, in light of
Plaintiffs' pro se status and in the absence of any objection
from the IRS, (see Letter dated Sept. 9, 2011 from Christopher
Belen, Esq. [Doc. No. 113] 1-2), the Court will consider
Plaintiffs' opposition in ruling on the present motion for
summary judgment.

that a Vaughn index is required based on the IRS's improper
withholding of documents.  (Id. at 5-6.)  These assertions by
Plaintiffs are insufficient to defeat the IRS's motion for
summary judgment.  The IRS, as the moving party, met its burden
to demonstrate the absence of a genuine issue of material fact by
producing evidence of the adequate nature of its searches.
Plaintiffs, however, have failed to identify specific facts and
affirmative evidence that contradict those offered by the IRS.
Plaintiffs merely rely on general allegations and vague
statements, without producing any evidence to defeat the IRS's
motion.  See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir.
2001).

Thus, summary judgment must be granted in favor of the IRS
on this portion of Plaintiffs' FOIA claim.[9]

(2) Requests as to K. Hovnanian

The IRS represents that Plaintiffs requested the following
information regarding Hovnanian: (1) "what K. Hovnanian
Enterprises and K. Hovnanian Investment Properties on N.J. Inc.
is invested in and owns as Hovnanian group[;]" (see King Ex. A

_____

9.  This finding is consistent with the Court's prior
acknowledgment that representations by the IRS that "its
officials ... conducted a reasonable investigation for [the]
documents requested by Plaintiffs[;] discovered that most of
those documents were either destroyed or d[id] not exist[;] and
... provided the documents they [did] have" would "seemingly
extinguish Plaintiffs' FOIA claim."  (Op. [Doc. No. 91] 11-12,
June 29, 2011.)

1); (2) "Certified copies of 1120 forms and all schedules for 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008 for Hovnanian Enterprises, Inc. [redacted] If this corporation operated as a Subchapter S corporation at any time during the above referenced years, please provide the certified copy of the 1120S[;]" (see Pelzl Ex. A ¶ 3; Pelzl Ex. B ¶ 3); (3) "Certified copies of 1120 forms and all schedules for 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008 for K. Hovnanian Investment Properties of N.J., Inc. [redacted]  If this corporation operated as a Subchapter S corporation at any time during the above referenced years, please provide the certified copy of the 1120S[;]" (see Pelzl Ex. A ¶ 4; Pelzl Ex. B ¶ 4); (4) "If Hovnanian Enterprises, Inc. and/or K. Hovnanian Investment Properties of N.J., Inc. was part of a controlled group of corporations, certified copies of the corporate returns (form 1120 or 1120S and all schedules) for the other members of the controlled group should be provided[;]" (see Pelzl Ex. A ¶ 5; Pelzl Ex. B ¶ 5); and (5) "Certified copies of SS-4 [(application for employer identification number)] filed for James L. Surgick Estate, Hovnanian Enterprises, Inc. And K. Hovnanian Investment Properties of N.J., Inc." (See Pelzl Ex. A ¶ 9; Pelzl Ex. B ¶ 9).

In the present motion, the IRS again argues, as it did in the prior motion to dismiss, that the Court should enter judgment

in favor of the IRS on Plaintiffs' FOIA claim regarding K. Hovnanian's tax information because Plaintiffs' do not have K. Hovnanian's consent and thus have not presented a meritorious claim for this information.  (IRS Summ. J. Br. 13-14.)  The IRS also argues that FOIA's segregation requirement does not apply in this case because the documents Plaintiffs seek are fully exempt from disclosure, and the documents do not contain any non-exempt information that the IRS could segregate and disclose.[10]  (Id. at 14-17.)

The Court previously ruled that the IRS "need not release to Plaintiffs any administrative files, tax information, or other documentation pertaining to K. Hovnanian unless Plaintiffs first obtain K. Hovnanian's consent."  (Op. [Doc. No. 91] 8, June 29, 2011.)  As the Court explained in detail in the June 29, 2011 Opinion, the IRS does not disclose records and information of a third-party taxpayer without that third-party taxpayer's consent.  (Op. [Doc. No. 91] 9, June 29, 2011.)  Pursuant to FOIA's Exemption 3, see 5 U.S.C. § 552(b)(3), and Section 6103 of the Internal Revenue Code, see 26 U.S.C. § 6103, the IRS "is prohibited from releasing K. Hovnanian's tax information to Plaintiffs" without K. Hovnanian's authorization.  (Id. at 9.)

---

10.  The issue of FOIA's segregation requirement was initially raised by the Court in the June 29, 2011 Opinion.  (Op. [Doc. No. 91] 9-10, June 29, 2011.)  The Court specifically instructed the IRS to "address the applicability and plausibility of segregation in this matter in a subsequent brief."  (Id. at 10.)

In this case, despite their assertions to the contrary,[11] it
is clear that Plaintiffs seek tax information for a third-party
taxpayer, K. Hovnanian, as set forth above.  (<u>See, e.g.</u>, King Ex.
A 1; Pelzl Ex. A ¶¶ 3-5, 9; Pelzl Ex. B ¶¶ 3-5, 9.)  Plaintiffs
requested specific IRS tax forms, including Forms 1120, 1120S,
SS-4, and all related schedules.  On their face, Plaintiffs' FOIA
requests seek third-party taxpayer information which, as the
Court previously found, the IRS is prohibited from providing to
Plaintiffs without K. Hovnanian's consent, which is lacking here.
Thus, the IRS is entitled to summary judgment in its favor on
this portion of Plaintiffs' FOIA claim as the IRS is properly
withholding these documents.[12]  See <u>Hull v. Internal Revenue</u>

---

11. Plaintiffs assert that they "made an error in requesting any
information about K. Hovnanian's tax matters which [Plaintiffs]
do not want."  (Pl.'s Opp'n 4.)  Plaintiffs attempt to clarify
their requests by stating that they "only want the information in
regards to [their] deceased father's two accounts intermingled
somehow with Hovnanian."  (<u>Id.</u>)  Plaintiffs contend that the "IRS
should have done a search and segregated the material letting the
plaintiffs view material related only to James Surgick or giving
[Plaintiffs] a written statement of the Surgick accounts, only."
(<u>Id.</u>)  However, these assertions directly contradict the FOIA
requests sent to the IRS as set forth <u>supra</u>.

12. To the extent Plaintiffs assert that a Vaughn index of those
documents being withheld by the IRS is necessary in this case,
the Court disagrees.  "The function of a Vaughn index and public
affidavit is to establish a detailed factual basis for
application of the claimed FOIA exemptions to each of the
documents withheld."  <u>Arizechi v. Internal Revenue Serv.</u>, No. 06-
cv-5292, 2008 WL 539058, at *4 (D.N.J. Feb. 25, 2008).
Accordingly, a "district court has discretion to accept
sufficiently detailed affidavits from the government in lieu of
an index."  <u>Manna v. U.S. Dep't of Justice</u>, 815 F. Supp. 798, 817
(D.N.J. 1993).  Here, the King and Pelzl declarations and the

23

Serv., No. 09-cv-00024, 2010 WL 3034463, at *6 (D. Colo. Aug. 3, 2010), aff'd, 656 F.3d 1174 (10th Cir. 2011) (granting summary judgment in favor of the IRS on plaintiffs' FOIA claim where plaintiffs sought "return information about a taxpayer" under Section 6103 which could not be disclosed without a third-party waiver and finding the IRS's withholding was proper).

Moreover, the Court agrees with the IRS that FOIA's segregation requirement is not applicable in this case because Plaintiffs seek K. Hovnanian's tax returns -- i.e., Forms 1120, 1120S, and all accompanying schedules, as well as K. Hovnanian's tax return information -- i.e., Form SS-4, which contains information about K. Hovnanian's identity and data related to its tax returns and possible tax liability.  See Berger v. Internal Revenue Serv., 487 F. Supp. 482, 494-95 (D.N.J. 2007), aff'd, 288 F. App'x 829 (3d Cir. 2008).  In Berger, the court recognized that Section 6103 prohibits the disclosure of third-party tax return information and broadly defines that term to include a "'taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over assessments, or tax payments, whether the

---

attached exhibits make clear that Plaintiffs sought tax return information that is exempt under Section 6103.  Thus, a Vaughn index was not necessary in this case as the IRS provided the Court with a sufficiently detailed factual basis for the application of the relevant FOIA exemption.

taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability ...'".  487 F. Supp. 2d at 494-95 (citation omitted).

Based on this broad definition, the court in Berger concluded that the IRS properly withheld documents constituting "a complete third-party tax return replete with identifying information and the kinds of information- income, payments, etc. - defined as 'tax information' and barred from disclosure by § 6103." Id. at 495.  Here, Plaintiffs similarly seek the tax returns and other tax information of K. Hovnanian which Section 6103 prohibits from disclosure and thus those documents are properly being withheld by the IRS because they are entirely exempt from disclosure.  Furthermore, as the IRS points out, FOIA's segregation requirement is inapplicable here because not only are the documents entirely exempt from disclosure, but also because there is no form of non-exempt information in these documents which the IRS could segregate and disclose to Plaintiffs.  Specifically, even if the IRS were to redact identifiers from the documents at issue, such redaction is insufficient to deprive the requested documents of their protected status under Section 6103.  See Church of Scientology

v. Internal Revenue Serv., 484 U.S. 9, 16 (1987) ("Congress did not intend [Section 6103] to allow the disclosure of otherwise confidential return information merely by the redaction of identifying details.")  Accordingly, any contention that the IRS might be able to segregate third-party taxpayer information fails, and the Court grants summary judgment to the IRS on the remainder of Plaintiffs' FOIA claim.  Having dismissed Plaintiffs' FOIA claim against the IRS in its entirety with prejudice, the Court now terminates the IRS as a party to this action.

Finally, the IRS filed a motion [Doc. No. 130] to strike Plaintiffs' jury demands, arguing that FOIA does not authorize the right to a jury trial.  However, at this time, the Court has granted summary judgment in favor of the IRS on Plaintiffs' FOIA claim and terminated the IRS from this case.  Accordingly, the IRS's motion to strike Plaintiffs' jury demands is dismissed as moot.

**B.   Motion to Dismiss by Defendants Cirella and Surgick**

On February 16, 2012, Defendants Cirella and Surgick filed a third motion [Doc. No. 133] to dismiss Plaintiffs' complaint. Defendants' motion consists of a one page document which states in pertinent part:

> ... we ask the court to dismiss this matter in federal court [sic] it is in wrong jurisdiction [sic] it's a "state court" issue.  Please check previous federal dicisions [sic] on this and

26

```
          related issues.  This matter has been dismiss [sic]
          more than 18 months ago, — case is moot.
```

(Defs.' Mot. to Dismiss [Doc. No. 133] 1.)

     To the extent Defendants Cirella and Surgick reassert their
prior arguments that this Court lacks subject matter jurisdiction
over Plaintiffs' claims and that the case is moot, the Court
addressed these arguments in detail in the June 29, 2011 Opinion.
(Op. [Doc. No. 91] 13-15, June 29, 2011.)  With respect to
Defendants' contention that the Court lacks subject matter
jurisdiction in this case, that issue will be addressed
separately given the dismissal of Plaintiffs' FOIA claim.
However, with respect to Defendants' renewed contention that this
case was dismissed and is moot, the Court previously instructed
Defendants Cirella and Surgick that they were required to "carry
their burden and proffer cogent arguments [regarding how
Plaintiffs' claims were barred by various preclusion doctrines],
including a precise summary of whatever other judicial
proceedings may have transpired" between these parties.  (Id. at
14 n.10.)  Defendants Cirella and Surgick's renewed motion to
dismiss fails to meet this burden.  Defendants offer only one
paragraph of unsupported conclusions of law and cite no legal
authority or factual basis that warrants granting their motion.
Therefore, Defendants' motion to dismiss is denied without
prejudice.

C.    **Subject Matter Jurisdiction in this Case**

At this stage of the case, Plaintiffs' FOIA claim has now been dismissed with prejudice and the IRS has been terminated as a party in this action.  Thus, there is no longer a federal question present in this case to support the exercise of the Court's jurisdiction pursuant to 28 U.S.C. § 1331.  The only remaining claims in this case are New Jersey state law claims.  Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court, <u>sua sponte</u>, declines to exercise supplemental jurisdiction over any state law claims in Plaintiffs' complaint.  Under Section 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction[.]'" <u>Oras v. City of Jersey City</u>, 328 F. App'x 772, 775 (3d Cir. 2009) (citing 28 U.S.C. § 1367(c)(3)).

Moreover, as recognized by the Third Circuit, "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Oras</u>, 328 F. App'x at 775 (citing <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)) (internal quotations omitted) (emphasis in original).  In this case, the Court finds that considerations of judicial economy,

convenience, and fairness do not affirmatively justify the exercise of supplemental jurisdiction.  Having declined to exercise supplemental jurisdiction, the Court dismisses Plaintiffs' pending state law claims without prejudice.

Because the Court lacks subject matter jurisdiction at this time, the Court will direct the Clerk to close the file in this case.  However, in light of Plaintiffs' pro se status, the Court will provide Plaintiffs with one final opportunity to amend their complaint to properly allege a basis for the exercise of the Court's jurisdiction in this case.

Although there is no longer federal question jurisdiction in this case, Plaintiffs may be able to demonstrate that the Court can exercise jurisdiction over Plaintiffs' remaining state law claims under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Therefore, Plaintiffs may file an amended complaint within twenty days (20) of the date of this Opinion setting forth sufficient facts for the Court to determine whether diversity of citizenship jurisdiction exists in this case.

Plaintiffs are reminded that even though Plaintiffs' pro se complaint is held to a less stringent standard than formal pleadings drafted by lawyers, see Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), Plaintiffs, as the parties "asserting jurisdiction[,] bear[] the burden of showing that the case is properly before the court at all stages of the litigation."

Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F.
App'x 289, 292 (3d Cir. 2010) (citing Packard v. Provident Nat'l
Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).  Thus, "[t]o establish
diversity jurisdiction under 28 U.S.C. § 1332(a), the party
asserting jurisdiction must show that there is complete diversity
of citizenship among the parties and an amount in controversy
exceeding $75,000."  Schneller, 387 F. App'x at 292.  In this
regard, a plaintiff relying on diversity of citizenship as the
asserted basis for federal jurisdiction "'must specifically
allege each party's citizenship, and these allegations must show
that the plaintiff[s] and defendant[s] are citizens of different
states.'"  Gay v. Unipack, Inc., No. 10-6221, 2011 WL 5025116, at
*4 (D.N.J. Oct. 20, 2011) (citation omitted).[13]

**V.   CONCLUSION**

For the foregoing reasons, the IRS's motion for summary
judgment is granted, Plaintiffs' FOIA claim against the IRS are
dismissed with prejudice, and the IRS is terminated as a party to
this action.  Additionally, the IRS's motion to strike
Plaintiffs' jury demand is dismissed as moot, and Defendants
Cirella and Surgick's motion to dismiss is denied.  Plaintiffs
shall have twenty days from the date of this Opinion to file an

---

13. In the event Plaintiffs choose to file an amended complaint
in this action, Plaintiffs must also separately address, by
motion or otherwise, the death of Plaintiff Johnson and whether
Plaintiff Johnson's daughter, Charlotte Surgick, will be
substituted in this action.  See Fed. R. Civ. P. 25(a)(1).

amended complaint as set forth above.  An Order consistent with
this Opinion will be entered.


Dated: March 29, 2012            /s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

31