UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEFFIE SURGICK and CORDELIA JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> ACQUANETTA CIRELLA, et al., <br><br> Defendants. | Civil No. 09-3807 (NLH/KMW) <br><br> **MEMORANDUM OPINION AND ORDER** |

**HILLMAN, District Judge**

This matter having come before the Court by way of Plaintiffs' filing of an amended complaint [Doc. No. 141] on April 16, 2012, and a brief in support of the amended complaint [Doc. No. 142] on April 23, 2012, in response to the Court's March 29, 2012 Opinion and Order granting Plaintiffs one final opportunity to amend the complaint to properly allege a basis for the exercise of the Court's jurisdiction in this case; and

Plaintiffs alleging in the amended complaint that Defendants "Cirella and R. Surgick have repeatedly denied the plaintiffs, heirs and sisters to the defendants, their share of the assets" of the estate of Plaintiffs' and Defendants' father, James Leslie Surgick,[1] (Am. Compl. [Doc. No. 141] ¶ 3.9); and

---

1. By way of background, "[i]n May 1996, James Leslie Surgick died intestate, leaving behind the JLS Estate and his twelve children, including Plaintiffs and the individual Defendants in this case." (Op. [Doc. No. 138] 3-4, Mar. 29, 2012.) "[I]t

The Court having noted in the March 29, 2012 Opinion that Plaintiff Surgick previously informed the Court by letter dated December 15, 2011 that: (1) pro se Plaintiff Cordelia Johnson passed away suddenly on November 8, 2011; (2) Plaintiff Johnson's daughter, Charlotte Surgick, was an interested party who wished to inherit her mother's portion of the JLS Estate; and (3) there would not be any substitution of parties in this matter, (Op. [Doc. No. 138] 4 n.2, Mar. 29, 2012) (citing Letter dated Dec. 15, 2011 from Pl. Surgick [Doc. No. 124] 1.)); and

The Court having also noted that with respect to the death of Plaintiff Johnson:

> Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

(Op. [Doc. No. 138] 4 n.2, Mar. 29, 2012) (citing F<small>ED</small>. R. C<small>IV</small>. P. 25(a)(1)); and

---

appears that James Leslie Surgick's estate has spawned, or been involved in, significant litigation throughout the years.  For example, [P]laintiffs represent that in the fall of 2007, they and other heirs filed a suit in the Superior Court of New Jersey, alleging fraud, presumably against [Defendants] Cirella and Surgick.  According to [P]laintiffs, [D]efendants defaulted by not responding to the complaint.  Consequently, the Superior Court found in favor of [P]laintiffs and the heirs, but could not locate, and thus award, the estate's assets."  (Op. [Doc. No. 50] 5 n.3, June 15, 2010.)

The Court having further noted at the time that "no motion to substitute ha[d] been filed with regard to the death of Plaintiff Johnson[,]" (Op. [Doc. No. 138] 4 n.2, Mar. 29, 2012); and

The Court having instructed Plaintiffs that if they opted to file an amended complaint, Plaintiffs would be required to "separately address, by motion or otherwise, the death of Plaintiff Johnson and whether Plaintiff Johnson's daughter, Charlotte Surgick, will be substituted in this action" pursuant to Federal Rule of Civil Procedure 25(a)(1), (see Op. [Doc. No. 138] 30 n.13, Mar. 29, 2012); and

The Court noting that neither the amended complaint [Doc. No. 141], nor the brief in support of the amended complaint [Doc. No. 142], address the issue of substitution in light of the death of Plaintiff Johnson; and

The Court finding that more than ninety (90) days has passed since Plaintiff Surgick submitted the December 15, 2011 letter [Doc. No. 124] informing the Court of the death of Plaintiff Johnson, and that no motion to substitute has been made since that time, nor has this issue been addressed as specifically required by the Court's March 29, 2012 Opinion; and

The Court therefore concluding that pursuant to Rule 25(a)(1), the claims of the now deceased Plaintiff Cordelia Johnson must be dismissed at this time, see e.g., Lucey v. FedEx

Ground Package Systems, Inc., 305 F. App'x 875, 878-79 (3d Cir. 2009) (concluding that the district court erred by not dismissing the claims of a deceased plaintiff where the court was notified of the death in March of 2007 and no motion for substitution was made pursuant to Rule 25(a)); Stackhouse v. City of East Orange, No. 07-05502, 2012 WL 359727, at *1 n.1 (D.N.J. Feb. 1, 2012) (dismissing action against an individual defendant where more than ninety days had passed since the notification of the defendant's death and no motion for substitution was submitted to the court); and

    The Court noting that the remaining Plaintiff in this action, Zeffie Surgick, alleges in the amended complaint [Doc. No. 141] and the brief in support of the amended complaint[2] [Doc. No. 142] that the Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction as set forth in 28 U.S.C. § 1331, (see Am. Compl. [Doc. No. 141] ¶ 1.1; see also Br. in Supp. of Am. Compl. [Doc. No. 142] 2, 8); and

    Plaintiff Surgick specifically relying on the First, Fifth,

---

2. As a general matter, the Court notes that the Federal Rules of Civil Procedure do not require, or otherwise permit, the filing of a "brief" in support of a party's complaint or amended complaint.  (See, e.g., FED. R. CIV. P. 3, 15.)  However, in light of Plaintiff Surgick's pro se status in this matter, the Court construes the amended complaint and the brief in support of the amended complaint [Doc. Nos. 141, 142] as Plaintiff's attempt to demonstrate that the Court may properly maintain subject matter jurisdiction over this action.  Accordingly, the Court has fully considered both submissions in issuing the instant Memorandum Opinion and Order.

4

and Fourteenth Amendments to the Constitution, (see Am. Compl. [Doc. No. 141] ¶¶ 1.3-1.4; see also Br. in Supp. of Am. Compl. [Doc. No. 142] 2, 8), and asserting that jurisdiction under Section 1331 exists because, *inter alia*, Plaintiff has "the right to petition the government for a redress of grievances" under the First Amendment, and because Plaintiff was denied due process of law under the Fifth and Fourteenth Amendments based on a "procedural error" by Defendants Cirella and Surgick, (see Br. in Supp. of Am. Compl. [Doc. No. 142] 8); and

The Court noting that a thorough review of Plaintiff's amended complaint and the brief in support of the amended complaint demonstrates that Plaintiff Surgick fails to assert a federal question in this case pursuant to the requirements of Section 1331 because there is no longer a federal defendant involved in this matter[3] and Plaintiff does not allege sufficient facts to support any viable constitutional claim against a private party; and

The Court therefore finding that 28 U.S.C. § 1331 cannot serve as a basis for the exercise of the Court's jurisdiction in this matter; and

The Court further noting that Plaintiff Surgick also asserts

---

3. The Court previously granted summary judgment in favor of the IRS on Plaintiffs' claim under the Freedom of Information Act, dismissed that claim with prejudice, and terminated the IRS as a party to this action.  (Op. [Doc. No. 138] 26, Mar. 29, 2012.)

jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, (see Am. Compl. [Doc. No. 141] ¶ 4.1; see also Br. in Supp. of Am. Compl. [Doc. No. 142] 8-9); but

The Court finding that Plaintiff Surgick fails to properly allege diversity of citizenship in this action because Plaintiff avers that she is merely a resident of the state of Arizona, (see Am. Compl. [Doc. No. 141] ¶ 2.1), rather than a citizen of the state of Arizona,[4] see McNair v. Synapse Group Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (recognizing that averments that parties are "'residents' of their respective states" as opposed to "'citizens' or domiciliaries' of those states" are "jurisdictionally inadequate in [a] diversity of citizenship case");[5] and

The Court finding, that even assuming complete diversity existed in this action, the probate exception to federal court jurisdiction prohibits the Court from granting Plaintiff Surgick the relief she seeks; and

The Court noting that the Supreme Court has long "recognized

---

4. The amended complaint appears to properly alleged the citizenship of Defendants Cirella and Surgick, as citizens of the state of Pennsylvania. (Am. Compl. [Doc. No. 141] ¶ 2.3.)

5. The amended complaint also avers that Plaintiff Cordelia Johnson is merely a resident of the state of New Jersey. (Am. Compl. [Doc. No. 141] ¶ 2.2.) However, in light of the dismissal of Plaintiff Johnson's claims pursuant to Federal Rule 25(a)(1), the Court need not consider her citizenship at this time for purposes of assessing diversity jurisdiction.

a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction[,]" Marshall v. Marshall, 547 U.S. 293, 308 (2006), and that the Third Circuit has explained that the "probate exception is a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789[,]" Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 226 (3d Cir. 2008); and

The Court further noting that although "the precise contours of the limitation have proven difficult to draw[,]" the Supreme Court and the Third Circuit recently clarified that the probate exception to federal court jurisdiction is applicable when "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court," Id. at 226-27; and

The Court noting that Plaintiff's amended complaint specifically seeks the following forms of relief: (1) injunctive relief requiring Defendants Cirella and Surgick to produce all requested documents to Plaintiff; (2) that the Court order Defendants to provide an accounting of the estate of James Leslie Surgick to Plaintiffs; (3) that an account "be taken immediately of the amount and character of the trust fund, its present condition, the nature of the investments and the manner in which

7

the administrators have executed these trusts[;]" (4) that the Court receive an "accurate statement of the accounts" so that the Court may enter a "decree" securing and protecting the rights of the interested parties; and (5) that Defendants file a "specific inventory and appraisement of the estate" so that "an account [can] be taken" such that the "amount due the plaintiff an [sic] heirs be secured by Order of the Court" which will also "declare" and "secure" the rights of the heirs, (Am. Compl. [Doc. No. 141] 4); and

    The Court finding that upon review, it is clear that all forms of relief requested by Plaintiff are designed for one overarching purpose --- the entry of an Order by the Court specifically declaring and securing the rights of Plaintiff (and other unnamed heirs) to the estate of James Leslie Surgick, as well as awarding the amount due to Plaintiff, (i.e., Plaintiff's "rightful inheritance"); and

    The Court concluding that the probate exception to federal court jurisdiction precludes the Court from entering an order which declares and secures the rights of Plaintiff and unnamed heirs to the estate of James Leslie Surgick, as well as awarding any amount of inheritance due to Plaintiff, as such an order would essentially amount to an attempt by the Court to administer the estate of decedent James Leslie Surgick; and

    The Court further concluding that under the probate

8

exception to federal court jurisdiction, the Court lacks jurisdiction to entertain Plaintiff's claims; and

The Court having already provided Plaintiff with "one final opportunity to amend the[] complaint to properly allege a basis for the exercise of the Court's jurisdiction in this case[,]" (see Op. [Doc. No. 138] 29, Mar. 29, 2012); and

The Court noting that Plaintiff's case could be dismissed with prejudice in its entirety at this time for lack of subject matter jurisdiction; but

The Court, having considered Plaintiff's pro se status, and having concluded that Plaintiff should be provided just one additional, final opportunity to amend the complaint to assert a proper basis for the jurisdiction of this Court before dismissal of the action in its entirety, will provide Plaintiff with twenty (20) days to file another amended complaint in this action.

Accordingly,

IT IS on this   27th   day of    April   , 2012, hereby

**ORDERED** that pursuant to Federal Rule of Civil Procedure 25(a)(1), the claims of the now deceased Plaintiff Cordelia Johnson shall be, and hereby are, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** Cordelia Johnson as a plaintiff in this action; and it is further

**ORDERED** that Plaintiff Zeffie Surgick is **GRANTED** leave to

9

file one final amended complaint within **twenty (20) days** of the date of this Memorandum Opinion and Order to sufficiently assert a proper basis for the exercise of the Court's jurisdiction over this action.  Plaintiff is on notice that if the amended complaint fails to allege a proper basis for the Court's jurisdiction, Plaintiff's case will be dismissed in its entirety; and it is further

    **ORDERED** that this Memorandum Opinion and Order shall be sent via certified mail to Plaintiff Zeffie Surgick and Defendants Acquanetta Cirella and Rose Surgick.

|  |  |
|---|---|
|  | /s/ Noel L. Hillman |
| At Camden, New Jersey | NOEL L. HILLMAN, U.S.D.J. |