UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEFFIE SURGICK and CORDELIA JOHNSON,<br><br>           Plaintiffs,<br><br>    v.<br><br>ACQUANETTA CIRELLA, et al.,<br><br>           Defendants. | Civil No. 09-3807 (NLH/KMW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**HILLMAN, District Judge**

This matter having come before the Court by way of an amended complaint [Doc. No. 146] filed by pro se Plaintiff Zeffie Surgick on May 14, 2012, in response to the Court's April 27, 2012 Memorandum Opinion and Order granting Plaintiff one final opportunity to amend the complaint to properly allege a basis for the exercise of the Court's jurisdiction in this case, and by way of Plaintiff's motion [Doc. No. 151] to strike the May 14, 2012 amended complaint, as well as Plaintiff's requests [Doc. Nos. 152, 153] seeking to withdraw the May 14, 2012 amended complaint; and

The Court having previously granted summary judgment in favor of the IRS and having dismissed the IRS from this case by Opinion and Order dated March 29, 2012; and

The Court's March 29, 2012 Opinion and Order having also denied the pro se Defendants' motion to dismiss and having closed

the file in this case; but

The Court's March 29, 2012 Opinion and Order having also granted Plaintiff leave to file an amended complaint properly alleging a basis for the exercise of the Court's jurisdiction; and

The Court having subsequently found that Plaintiff's amended complaint [Doc. No. 141] "could [have been] dismissed with prejudice in its entirety ... for lack of subject matter jurisdiction" but that Plaintiff should be permitted "one additional, final opportunity to amend the complaint to assert a proper basis for the jurisdiction of this Court before dismissal of the action in its entirety[,]" (see Mem. Op. and Order [Doc. No. 143] 7, Apr. 27, 2012); and

The Court noting that Plaintiff filed the May 14, 2012 amended complaint [Doc. No. 146] in response to the April 27, 2012 Memorandum Opinion and Order; and

The Court also noting that on the same day Plaintiff also filed a notice of appeal in this case which divested this Court of jurisdiction in this matter at that time; and

The Court further noting that Plaintiff's appeal was subsequently dismissed by the Third Circuit by Order dated July 12, 2012 for lack of appellate jurisdiction because the Order from which Plaintiff appealed was not a final order of this Court in that Plaintiff's May 14, 2012 amended complaint allowed

2

Plaintiff's claims to proceed against certain Defendants and had not been dismissed with prejudice, (see Court of Appeals Order [Doc. No. 154] 1-2, July 12, 2012); and

The Court further observing that while Plaintiff's appeal was under consideration for dismissal by the Third Circuit, Plaintiff submitted several filings before this Court including a motion [Doc. No. 151] to strike the May 14, 2012 amended complaint filed on June 15, 2012 purporting to "object" to the Court's April 27, 2012 Memorandum Opinion and Order granting her leave to amend the complaint and requesting that the Court strike the May 14, 2012 amended complaint pursuant to Rule 12(f) so that Plaintiff could proceed with her appeal before the Third Circuit, (see Mot. to Strike [Doc. No. 151] 1); and

The Court also noting that on June 25, 2012, Plaintiff also filed a "Supplemental Response" contending that Plaintiff could withdraw her amended complaint before this Court and specifically requesting that the Court "strike the motion to strike the motion to amend the amended complaint of May 1[4], 2012 and in its place to officially withdraw the appellants amended complaint of May 1[4], 2012 disposing of all claims and to close the case[,]" (see Supplemental Response [Doc. No. 152] 1); and

The Court recognizing that on June 25, 2012 Plaintiff also filed a document entitled "Withdrawal of Plaintiff's Surgick's Amended Complaint of May 1[4], 2012 and closing of case[,]"

3

wherein Plaintiff requested the amended complaint from May 14, 2012 be withdrawn and the case closed in its entirety, (see Letter Requesting Withdraw [Doc. No. 153] 1); and

The Court finding that to be considered final for purposes of an appeal, an order of dismissal by this Court must be with prejudice, and that an order dismissing the case and granting leave to amend will be considered interlocutory unless a plaintiff elects to stand on the complaint, see Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (recognizing that "[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.  Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable."); and

The Court construing Plaintiff's motion [Doc. No. 151] to strike the May 14, 2012 amended complaint, as well as her supplemental filings seeking to withdraw the May 14, 2012 amended complaint, as Plaintiff's declaration that she no longer wants the Court to consider the allegations of the May 14, 2012 amended complaint and instead now intends to stand on the prior August 24, 2010 amended complaint [Doc. No. 63], in order to proceed with her appeal of the Court's March 29, 2012 Opinion and Order; and

4

The Court finding that Plaintiff has now properly declared her intention to stand on August 24, 2010 amended complaint [Doc. No. 63] in this action, and it now being clear to the Court that Plaintiff does not wish to take advantage of the opportunity to amend the complaint.

Accordingly,

IT IS on this ___19th___ day of ____July____, 2012, hereby

**ORDERED** that Plaintiff's motion [Doc. No. 151] to strike the May 14, 2012 amended complaint [Doc. No. 146] shall be, and hereby is, **DISMISSED AS MOOT**; and it is further

**ORDERED** that Plaintiff's requests [Doc. Nos. 152, 153] seeking to withdraw the May 14, 2012 amended complaint [Doc. No. 146] shall be, and hereby are, **GRANTED**; and it is further

**ORDERED** that Plaintiff's May 14, 2012 amended complaint [Doc. No. 146] shall be, and hereby is, **DEEMED WITHDRAWN**; and it is further

**ORDERED** that Plaintiff's August 24, 2010 amended complaint [Doc. No. 63] shall be, and hereby is **DEEMED THE OPERATIVE PLEADING** in this action; and it is further

**ORDERED** that the Court's March 29, 2012 Opinion and Order shall be, and hereby are, **AMENDED** as set forth in this Memorandum Opinion and Order to reflect that Plaintiff's August 24, 2010 amended complaint shall be, and hereby is, **DISMISSED WITH**

**PREJUDICE IN ITS ENTIRETY**; and it is further

**ORDERED** that this Memorandum Opinion and Order shall be sent via certified mail to Plaintiff Zeffie Surgick and Defendants Acquanetta Cirella and Rose Surgick.

|  |  |
|---|---|
| At Camden, New Jersey | /s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |